IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**ORIGINAL**

| | |
|---|---|
| DANNY M. SKINNER,<br>PLAINTIFF,<br><br>v.<br><br>E. I. DU PONT DE NEMOURS & COMPANY,<br>a Delaware corporation; E. I. DU PONT<br>DE NEMOURS & COMPANY, Plan Administrator;<br>PENSION AND RETIREMENT PLAN;<br>TOTAL AND PERMANENT DISABILITY<br>INCOME PLAN, AND<br>SHORT TERM DISABILITY PLAN,<br>DEFENDANTS. | )<br>)<br>)<br>) C.A. No. 07-384<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

COMES NOW DANNY M. SKINNER (hereinafter "Plaintiff") and, by undersigned counsel, and as a cause of action against the above named Defendants, hereby alleges as follows:

### JURISDICTION

1. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. Section 1132(e)(1), the pendent jurisdiction of this Court, and under 28 U.S.C. Section 1331.

2. A copy of this Complaint has been served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail.

## VENUE

3. Venue lies in the District of Delaware under 29 U.S.C. Section 1132(e)(2), and 28 U.S.C. Section 1391(b).

## THE PARTIES

4. Plaintiff, Danny M. Skinner, (hereinafter "Plaintiff" or "Skinner") is a resident of Delaware, and a former employee of E. I. du Pont de Nemours & Company at its Seaford, Delaware site.

5. Defendant E. I. du Pont de Nemours & Company, Inc. (hereinafter "Company") is a Delaware corporation having a business office at 1007 Market Street, Wilmington, Delaware. The Company is an employer engaged in commerce or in an industry or activity affecting commerce within the meaning of Section 3(5), (11) and (12), Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C. Sec. 1002(5), (11) and (12), and is the Plan Administrator for Defendant Plans herein. The Company is a fiduciary with respect to each Defendant Plan herein within the meaning of Section 3(21), ERISA, 29 U.S.C. Sec. 1002(21).

6. Defendant Pension and Retirement Plan (Plan No. 001) together with its associated Trust (hereinafter "Pension Plan") is a defined benefit pension plan maintained by the Company and is a pension benefit plan described in Section

3(2) and (3), ERISA, 29 U.S.C. Sec. 1002(2) and (3). The Pension Plan is sponsored by the Company as defined by Section 3(16), ERISA, 29 U.S.C. Sec. 1002(16), and is funded by a trust separate from the general assets of the Company.

7. Defendant Total and Permanent Disability Income Plan (Plan No. 508) (hereinafter "T & P Plan") is a plan, fund or program of the Company relating to benefits described in Section 3, ERISA, 29 U.S.C. Sec. 1002 and is a welfare benefit plan within the meaning of Section 3(1) and (3), ERISA, 29 U.S.C. Section 1002(1) and (3). T & P Plan is funded by general assets of the Company.

8. Defendant Short Term Disability Plan (Plan No. 502) (hereinafter "STD Plan") is a plan, fund or program of the Company relating to benefits described in Section 3, ERISA, 29 U.S.C. Section 1002, and is a welfare benefit plan within the meaning of Section 3(1) and (3), ERISA, 29 U.S.C. Section 1002(1) and (3). STD Plan is funded by general assets of the Company.

## COMMON FACTS

9. Skinner is a former employee of the Company and at all times during his employment maintained the status of a full-time employee with the Company. His service with the Company totaled over 16 years. At the time of his discharge, several doctors, including site Medical, determined that Skinner could not return to his previous job and recommendations were made for disability retirement.

10. The Company, as employer of Skinner, provided to him as a full-time employee, and as part of his compensation package, various employee plan benefits in addition to his salary, including the benefits sought in this Complaint.

11. The Company, during its employment of Skinner, was the sponsor of, and presently is the sponsor of and does maintain the Pension Plan, the T & P Plan, STD Plan, and was and is a fiduciary of each of these plans during Skinner's employment.

12. Skinner, as a full-time employee with in excess of fifteen years service with the Company, is/was and is now a Participant in the Pension Plan and entitled to benefits as established by the terms of the plan document. The status of Skinner as to the other Defendant plans and benefits thereof is determined by, and is affected by, his status as Participant in the Pension Plan.

13. In 1988, Skinner while working at his job on the plant floor suffered a back injury. Although his injury required him to receive treatment and medication, he was unable to perform the basic functions of his assigned position. In November, 1988, his condition markedly deteriorated.

14. As a result of the continuation of his injury and its unresolved pain, coupled with the inability to cope with his job, as of March, 1989, Skinner was thus disabled and as determined by his doctors was unable to physically return

to his job at Seaford. Because of his inability to return to his job, he was terminated as he lay in the hospital waiting for an operation on his back.

15. Skinner, while wanting to work, was prevented by his disabling condition and on the advice of his treating physicians, in fact could not work.

16. During 1989, DuPont accepted his application through the office of Seaford site benefits administrator.

17. In 1989, Skinner was notified by letter from Herbert W. Watson, (Human Resources) that his Incapability Pension application, which also was reviewed for T & P Plan eligibility, was denied by the Board of Benefits and Pension. This letter also advised Skinner that he had the right to appeal these denials of Incapability and Total and Permanent Disability Income qualification. This appeal was made and denied.

18. Skinner's Appeal of his application for an Incapability pension and T & P Plan eligibility was rejected in 1989 by the Board of Benefits and Pensions, Case Determination Committee, operating as an administrative committee of the Plan Administrator of the Pension Plan. This notification also advised that this rejection was based on the Board's view that the medical evidence submitted did not support the conclusion that Skinner was "permanently incapable of performing the duties of his job with the degree of efficiency required by the Company."

19. When DuPont failed to respond to all requests for further clarification of their desired information, to date, no response to that request has ever been made.

## COUNT I - PENSION BENEFITS UNDER ERISA

### SKINNER v. PENSION PLAN

20. The allegations in Paragraphs 1. through 19. are incorporated by reference as if fully restated.

21. Section IV. of the Pension Plan (PENSIONS FOR RETIRED EMPLOYEES), at Section IV. C. (Incapability Retirement) provides that an employee may be retired by the Company if he is found to be permanently incapable of performing the duties of his position with the degree of efficiency required by the Company, and he has at least 15 years of service.

22. Skinner meets the requirements of Section IV.C. and was entitled to the status of pensioner under the Pension Plan with its attendant benefit entitlements from the Pension Plan and related pension and welfare benefit plans of the Company. As a result of ongoing litigation and appeals, the DuPont Company, via the Pension and Retirement Plan **voluntarily** awarded Skinner his pension and Skinner is now a pensioner under the P & R Plan with its attendant status benefits.

23. Skinner is therefore a Participant of the Pension Plan and states

that the factual basis exists for his Incapability status under the provisions of the Pension Plan.

24. Skretvedt invokes this Court's jurisdiction under 29 U.S.C. Sec. 1132 (a)(1)(B), [Employee Retirement Income Security Act, Sec. 502 (a)(1)(B)] and 29 U.S.C Sec. 1132(a)(3) to recover benefits due him, to award him amounts due him by virtue of the Company as Plan Administrator fiduciary any and all of profits, income and/or interest obtained by its retention of amounts of benefits not paid to Skinner timely according to the original injury and inability to do his job under the Incapability provision of the P&RP and the T&P Plan, and to enforce his rights under said Pension Plan and other related Defendant Plans (Total and Permanent Disability Income Plan, and Short Term Disability Plan) of the Company, and to clarify his rights to future awards under the theory of a disgorgement of profits process as determined by the Third Circuit decision in Skretvedt v. DuPont, et.al., 372 F.3d 193 (3rd Cir. 2004).

25. The Pension Plan as operated by its Plan Administrator (Board of Benefits and Pensions) arbitrarily and capriciously denied Skinner his status of pensioner by failing to find that he is permanently incapable of performing the duties of his position with a degree of efficiency under any reasonable standard of efficiency which would be required by the Company of an employee performing the

duties Skinner had prior to his injury, in violation of the terms of the Pension Plan and the Employee Retirement Income Security Act ("ERISA").

26. Skinner has previously exhausted the required administrative remedies of the Pension Plan and otherwise met the requirements of 29 U.S.C. Sec. 1133 (ERISA Sec. 503).

27. Prior discovery has not made known to Skinner the profits, income, interest obtained by the Pension Plan or the T & P Plan, all in violation of Section 503, ERISA, 29 U.S.C. Sec. 1133, and as should be made known to a beneficiary of said plans by the fiduciary DuPont under the provisions of trust law embodied within ERISA and as required under the above Third Circuit decision in Skretvedt.

28. In the alternative the Pension Plan is found to have provided discretionary authority to DuPont to determine eligibility for benefits construe the provisions of the Pension Plan as the Plan Administrator, DuPont, as a fiduciary, in not providing finding Skinner was entitled to profits and other income and appreciation of assets of the Pension Plan Trust.

29. The Plan Administrator of the Pension Plan, as controlled by the Company, has exhibited bad faith and a conflict of interest in denying Skinner's entitlement to a disgorgement of profits from said Plan and Trust.

30. The Company through its agents, officers and managers at the Seaford Plant site has exhibited bad faith and a conflict of interest toward Skinner in terminating his employment in retaliation for Skinner being injured and applying for Incapability benefits under provisions of the Pension Plan.

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against Defendant Pension Plan and the Plan Administrator have **voluntarily** declared that Skinner has met the Incapability provisions of the Pension Plan and is entitled to profits from the retained retirement benefits from the Pension Plan under the provisions of the Pension Plan;

(b) Against Defendant Pension Plan and the Plan Administrator for profits and income accruing from retained benefits due Plaintiff and voluntarily paid as required under plan terms in his status as a pensioner from the date of separation from service, together with prejudgment interest and postjudgment interest on such income and profits from such benefits as are found due and owing from the due date for entitlement of payment until the date of actual payment, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment, and

(c) For such other or further relief, legal or equitable, as may be just, necessary and appropriate.

## COUNT II - DISABILITY BENEFITS UNDER ERISA

### SKINNER v. COMPANY AND T & P PLAN

31. The allegations in Paragraphs 1. through 30. are incorporated by reference as if fully restated.

32. T & P Plan provides for continuing compensation benefits of 60% of a Participant's normal monthly earnings (one-twelfth of annual pay) to former employees whose employment is terminated due to total and permanent disability.

33. Skinner is a former employee of the Company entitled to Incapability retirement (disability) benefits of the Pension Plan.

34. Skinner is eligible for status of Participant in the T & P Plan and is/was entitled to benefits under terms of the T & P Plan.

35. Skinner was eligible for status of Participant in T & P Plan as of the date of termination of his employment (March, 1989) on the basis of his total and permanent disability condition which continues to present date.

36. The Company, as Plan Administrator and fiduciary of T & P Plan

and the Pension Plan, has arbitrarily and capriciously denied Skinner his status of Participant in T & P Plan and caused Skinner to be denied the income and other profits obtained by DuPont as fiduciary due to its violation of its fiduciary duties to timely pay to Skinner his benefits due and its retention of said benefits of the T & P Plan and related plans whose benefits are determined by Skinner's status of Participant in the T & P Plan and the Pension Plan.

37. The Company, as Plan Administrator of said Plans, has exhibited bad faith and a conflict of interest in denying Skinner the status of Participant in the T & P Plan in that Skinner was qualified Disability payments which flow from his injury and income from such disability benefits under this program which were awarded voluntarily by DuPont as fiduciary, which continue to present date.

38. Skinner has exhausted the required administrative remedies of the T & P Plan and otherwise met the requirements of 29 U.S.C. 1133 (ERISA Sec. 503).

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the T & P Plan to declare and establish that Plaintiff has been a Participant in T & P Plan pursuant to his status as a pension recipient under the Pension Plan and his disability status otherwise shown, together with

prejudgment and post- judgment interest on such amounts as are found due as income and profits from said retention by the T&P Plan of benefits due Skinner as of the date said payments were made by DuPont as fiduciary and owing under the terms of the T & P Plan from the dates such amounts were due to be paid until the date of actual voluntary payment and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment, and

(b) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT III - DISABILITY BENEFITS UNDER ERISA

## SKINNER v. COMPANY AND STD PLAN

39. The allegations in paragraphs 1. through 38. are incorporated by reference as if fully restated.

40. STD Plan provides for continuing compensation and salary amounts in full during the period of a Participant's disability beginning with the disability occurrence and extending for six months, or until the disability ceases, to a full-service employee suffering such disability.

41. Skinner suffered such a short-term disability beginning with the onset of his injury.

42. Skinner was eligible for status of Participant and recipient of benefits from the STD Plan as of the onset of his disability.

43. Skinner did not receive such short-term disability benefits as provided under the STD Plan.

44. The Company, as Plan Administrator of the STD Plan, has arbitrarily and capriciously denied Skinner benefits under the STD Plan, thereby causing him the loss of the Company's profits and income from retaining such benefits due him as employee is receiving STD Plan benefits.

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the STD Plan and the Company as Plan Administrator pursuant to his status as a full-service employee as of the time of his disability onset for such full compensation, salary and benefits, to include pension credits and other such entitlements, together with prejudgment and post-judgment interest on such amounts as are found due and owing under the terms of the STD Plan from the dates such amounts were due to be paid until the date of actual payment to include income and profits from such benefits retained by said Company as fiduciary and

reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment, and

    (b) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

 

                                                    */s/ John M. Stull*
                                        JOHN M. STULL (DEL BAR #568)
                                        1300 NORTH MARKET STREET,
                                        SUITE 700
                                        P. O. BOX 1947
                                        WILMINGTON, DELAWARE 19899
                                        Ph. 302) 654-0399
DATE: June 15, 2007                      Attorney for Plaintiff

**ORIGINAL**

07cv384

JS 44 (Rev. 11/04)

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

2007 JUN 15 AM 9:40

## I. (a) PLAINTIFFS
Danny M. Skinner

**DEFENDANTS**
E.I. DuPont de Nemours & Co.; Pension Plan

(b) County of Residence of First Listed Plaintiff   Kent (DE)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   New Castle
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jm Stull, 1300 N. Market St., Ste 700
Wilm., DE 19801

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
29 USC Sec 1001 et seq.

Brief description of cause:
Benefits/int on delayed payments

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____   DOCKET NUMBER _____

DATE   June 15, 2007
SIGNATURE OF ATTORNEY OF RECORD   Jm M Stull

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 07-384

# ACKNOWLEDGMENT OF RECEIPT FOR AO FORM 85

## *NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION*

I HEREBY ACKNOWLEDGE RECEIPT OF __5__ COPIES OF AO FORM 85.

JUN 1 5 2007
(Date forms issued)

_C. W. Venskus_
(Signature of Party or their Representative)

_John W. Venskus_
(Printed name of Party or their Representative)

Note: Completed receipt will be filed in the Civil Action