IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANNY M. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-384 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, a Delaware corporation; | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, Plan Administrator; | ) | |
| PENSION AND RETIREMENT PLAN; | ) | |
| TOTAL AND PERMANENT DISABILITY | ) | |
| INCOME PLAN; and SHORT TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO COMPLAINT

Defendants E. I. du Pont de Nemours and Company ("DuPont"), the Pension and Retirement Plan, the Total and Permanent Disability Income Plan, and the Short Term Disability Plan (hereinafter collectively referred to as "Defendants") hereby respond to the Complaint filed in the above captioned matter as follows:

### JURISDICTION

1. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

## VENUE

3.     The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

## THE PARTIES

4.     Defendants admit that Plaintiff is a former employee of DuPont, and once worked at its Seaford, Delaware site. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in this paragraph.

5.     Defendants admit the allegations contained in the first sentence of this paragraph. DuPont admits that it is the Plan Administrator of the Pension and Retirement Plan, the Total and Permanent Disability Income Plan, and the Short Term Disability Plan. The remainder of the allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in the remainder of this paragraph to which a response is required, those allegations are denied as stated.

6.     The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

7.     The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

8.     The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated.

## FACTS

9. Defendants admit the allegations contained in the first two sentences of this paragraph. The remainder of the allegations contained in this paragraph are denied.

10. Defendants admit that, as a DuPont employee, Plaintiff was provided various employee benefits in addition to his salary. The remainder of the allegations contained in this paragraph are denied.

11. Defendants admit the allegations contained in this paragraph.

12. Defendants admit that Plaintiff is currently a participant in the Pension and Retirement Plan. The remainder of the allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in the remainder of this paragraph to which a response is required, those allegations are denied as stated.

13. Defendants admit that Plaintiff suffered a back injury in 1988 while working at his job on the plant floor. Defendants deny the remainder of the allegations contained in this paragraph.

14. Defendants admit that Plaintiff's employment with DuPont was terminated on or about March 31, 1989. Defendants deny the remainder of the allegations contained in this paragraph.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph.

16. Defendants deny the allegations contained in this paragraph.

17. Defendants admit that in 1989 Plaintiff applied for an incapability pension from the Pension and Retirement Plan, and that his application was denied by the Case Determination

Committee of the Board of Benefits and Pension on March 21, 1989. Defendants further admit that Plaintiff was informed of his right to appeal that decision to the Board of Benefits and Pension. Defendants admit the allegations contained the last sentence of this paragraph.

18. Defendants admit the allegations contained in this paragraph.

19. Defendants deny the allegations contained in this paragraph.

## COUNT I:   PENSION BENEFITS UNDER ERISA

20. Defendants incorporate their responses to paragraphs 1 through 19.

21. Defendants admit that Section IV.C. of the Pension Plan provides that an employee may be retired by the Company if the Board of Benefits and Pension finds that the employee has become permanently incapable of performing the duties of his position with the degree of efficiency required by the Company and such employee has at least 15 years of service. Defendants deny the remaining allegations of this paragraph.

22. Defendants deny the allegations contained in the first sentence of this paragraph. Defendants admit that DuPont voluntarily awarded Plaintiff both an incapability pension under the Pension and Retirement Plan and total and permanent disability benefits under the Total and Permanent Disability Income Plan and that Plaintiff currently continues to receive such benefits. Defendants deny the remainder of the allegations contained in this paragraph.

23. Defendants admit that Plaintiff is a participant in the Pension and Retirement Plan. Defendants deny the remainder of the allegations contained in this paragraph.

24. The allegations contained in this paragraph contain conclusions of law to which no responsive pleading is required. To the extent any facts are alleged in this paragraph to which a response is required, those allegations are denied as stated. Defendants specifically deny that Plaintiff is entitled to any additional benefits.

25. Defendants deny the allegations contained in this paragraph.

26. Defendants deny the allegations contained in this paragraph.

27. Defendants deny the allegations contained in this paragraph.

28. Defendants deny the allegations contained in this paragraph.

29. Defendants deny the allegations contained in this paragraph.

30. Defendants deny the allegations contained in this paragraph.

### COUNT II:   DISABILITY BENEFITS UNDER ERISA

31. Defendants incorporate their responses to paragraphs 1 through 30.

32. Defendants deny the allegations contained in this paragraph.

33. Defendants deny the allegations contained in this paragraph.

34. Defendants admit that Plaintiff is a participant in the Total and Permanent Disability Income Plan and continues to receive benefits pursuant to that plan.  Defendants deny the remainder of the allegations contained in this paragraph.

35. Defendants deny the allegations contained in this paragraph.

36. Defendants deny the allegations contained in this paragraph.

37. Defendants deny the allegations contained in this paragraph.

38. Defendants deny the allegations contained in this paragraph.

### COUNT III:  DISABILITY BENEFITS UNDER ERISA

39. Defendants incorporate their responses to paragraphs 1 through 38.

40. Defendants admit that DuPont maintains a Short Term Disability Plan that provides full salary and benefit continuation to eligible employees for covered injuries up to a maximum leave of six months.  Defendants deny the remaining allegations contained in this paragraph.

41. Defendants deny the allegations contained in this paragraph.

42. Defendants admit that Plaintiff participated in the Short Term Disability Plan, and received benefits according to the terms of that Plan, from September 13, 1988 through March 31, 1989. Defendants deny the remaining allegations contained in this paragraph.

43. Defendants deny the allegations contained in this paragraph.

44. Defendants deny the allegations contained in this paragraph.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrines of waiver, acquiescence and estoppel.

### THIRD AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Plaintiff's claims are barred by the doctrine of res judicata.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff has failed to exercise administrative remedies as required under ERISA.

### SIXTH AFFIRMATIVE DEFENSE

At all times herein, Defendants have acted consistently with their obligations under the applicable plans.

## SEVENTH AFFIRMATIVE DEFENSE

Expressly denying any wrongdoing on its part and expressly denying that Plaintiff has been damaged as alleged, Defendants assert that Plaintiff may not recover attorneys' fees, expenses or costs because Defendants have acted consistently with the terms of the applicable plans.

WHEREFORE, Defendants E. I. du Pont de Nemours and Company, the Pension and Retirement Plan, the Total and Permanent Disability Income Plan, and the Short Term Disability Plan respectfully request that this Court enter judgment in their favor and against Plaintiff:

    (a)    Dismissing the complaint with prejudice;

    (b)    Awarding it costs and attorneys fees; and

    (c)    Granting such other and further relief as the Court deems just and proper.

POTTER ANDERSON & CORROON LLP

By: /s/ Kathleen Furey McDonough
Kathleen Furey McDonough (No. 2395)
Sarah E. DiLuzio (No. 4085)
Hercules Plaza – 6th Floor
1313 North Market Street
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com

Attorneys for Defendants

Dated: July 10, 2007
804140