
**Potter Anderson & Corroon** LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Sarah E. DiLuzio
Attorney at Law
sdiluzio@potteranderson.com
302 984-6279 Direct Phone
302 658-1192 Fax

August 23, 2007

**By Hand Delivery**

The Honorable Sue L. Robinson
United States District Court
District of Delaware
844 King Street
Wilmington, Delaware 19801

   Re: **Danny Skinner v. E. I. du Pont de Nemours and Company, et. al.,**
     **C.A. No. 07-384 (SLR)**

Dear Judge Robinson:

  In accordance with the scheduling teleconference held this morning in the above-referenced matter, enclosed please find a final scheduling order.

  Counsel are available at the Court's convenience if Your Honor has any questions.

            Respectfully,

            */s/ Sarah DiLuzio*

            Sarah E. DiLuzio
            (Delaware Bar I.D. 4085)

Enclosure

cc: Clerk of the Court (Electronic filing via CM/ECF)
   John Stull, Esq. (via U.S. mail)

814383

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANNY M. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-384 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, a Delaware corporation; | ) | |
| E. I. DU PONT DE NEMOURS AND | ) | |
| COMPANY, Plan Administrator; | ) | |
| PENSION AND RETIREMENT PLAN; | ) | |
| TOTAL AND PERMANENT DISABILITY | ) | |
| INCOME PLAN; and SHORT TERM | ) | |
| DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## SCHEDULING ORDER

At Wilmington this ____ day of August, 2007, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the Court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) Discovery will be needed on the following subjects, based on facts and circumstances developed during discovery:

    (i) **Plaintiff's Statement.**
    (A) Plaintiff will require discovery as to profits obtained during the time DuPont held pension benefits and any total and permanent Disability Income benefits from the date of award to Plaintiff Skinner (March, 1989) to date of award, plus profit disgorgement beyond the date of voluntary award of said benefits, approximately March, 2001. These items are

partially obtainable via Skretvedt v. DuPont and discovery held in that case. Also needed are exact dates of payments of Pension and T&P Payments and the amounts thereof.

    (ii)    **Defendants' Statement**.

    (A)    Facts and circumstances establishing that Plaintiff is not entitled to interest on the delayed payment of benefits under DuPont's Pension and Retirement Plan or Total and Permanent Disability Income Plan, which were voluntarily paid to Plaintiff by DuPont;

    (B)    Facts and circumstances establishing that Plaintiff received all the benefits to which he was entitled under the DuPont Short Term Disability Plan;

    (C)    Facts and circumstances surrounding the allegations in the Complaint, Answer, and Affirmative Defenses, filed in this action; and

    (D)    All subjects listed in Plaintiff's Statement above.

    (b)    All discovery shall be commenced in time to be completed by **December 28, 2007**.

    (c)    Maximum of **twenty-five (25)** interrogatories by each party to any other party.

    (d)    Maximum of **twenty-five (25)** requests for admission by each party to any other party.

    (e)    Maximum of **three (3)** depositions by Plaintiff and **three (3)** by Defendant.

(f) Each deposition, other than Plaintiff's deposition, limited to a maximum of **seven (7) hours** unless extended by agreement of parties.

(g) Reports from retained experts under Rule 26(a)(2) on issues for which any party has the burden of proof due by **January 31, 2008**. Rebuttal expert reports due by **February 29, 2008**.

(h) **Discovery Disputes**. Any discovery dispute shall be submitted to the Court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to **two (2)** Rule 37 motions. The Court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification**. All motion to join other parties, amend the pleadings, and certify a class action shall be filed on or before **October 12, 2007**.

4. **Settlement Conference**. Pursuant to 28 U.S.C. § 636, this matter is referred to a Magistrate Judge for the purposes of exploring the possibility of alternative dispute resolution (ADR).

5. **Summary Judgment Motions**. All summary judgment motions shall be served and filed with an opening brief on or before **April 30, 2008**. Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the Court.

6.  **Applications by Motion.** Any application to the Court shall be by written motion filed with the clerk. Unless otherwise requested by the Court, counsel shall not deliver copies of papers or correspondence to Chambers. **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

7.  **Motions in Limine.** All motions in limine shall be filed on or before **August 5, 2008**. All responses to said motions shall be filed on or before **August 12, 2008.**

8.  **Pretrial Conference.** A pretrial conference will be held on **August 19, 2008** at **4:30 p.m.** in Courtroom No. 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

9.  **Trial.** This matter is scheduled for a four-day jury trial commencing on **September 2, 2008** in Courtroom 6B, Sixth Floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

SO ORDERED this ___ day of _____, 2007.

_____
United States District Judge

810099