## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANNY M. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. 07-384 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) | |
| a Delaware corporation; E.I. DU PONT DE | ) | |
| NEMOURS AND COMPANY, Plan Administrator;) | | |
| PENSION AND RETIREMENT PLAN; TOTAL | ) | |
| AND PERMANENT DISABILITY INCOME | ) | |
| PLAN; and SHORT TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION FOR SUMMARY JUDGMENT

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Michael B. Rush (#5061)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com
mrush@potteranderson.com

*Attorneys for Defendants*

Date:  April 30, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

NATURE AND STAGE OF PROCEEDINGS ...................................................... 1

SUMMARY OF ARGUMENT ............................................................................... 3

STATEMENT OF FACTS ..................................................................................... 4

ARGUMENT .......................................................................................................... 8

I.      DUPONT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE ALL OF
        PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF
        LIMITATIONS. ........................................................................................... 8

        A.      Summary Judgment Standards ...................................................... 8

        B.      Merits of Argument ........................................................................ 8

II.     DUPONT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM
        FOR PREJUDGMENT INTEREST BECAUSE THERE IS NO JUDGMENT UPON
        WHICH PREJUDGMENT INTEREST COULD HAVE ACCRUED. ................... 11

III.    DUPONT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM
        FOR INTEREST BECAUSE DUPONT DID NOT WRONGFULLY WITHHOLD OR
        DELAY THE PAYMENT OF PLAINTIFF'S BENEFITS ...................................... 11

IV.     PLAINTIFF'S CLAIM FOR POSTJUDGMENT INTEREST IS PREMATURE ... 13

V.      DUPONT IS ENTITLED TO SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM
        FOR SHORT TERM DISABILITY BENEFITS BECAUSE PLAINTIFF ALREADY
        RECEIVED SUCH BENEFITS .......................................................................... 15

CONCLUSION ...................................................................................................... 16

# TABLE OF AUTHORITIES

**CASES**

*Atlantis Plastics Corp. v. Sammons,*
    558 A.2d 1062 (Del. Ch. 1989)......................................................................9-10

*Bakerman v. Sidney Frank Importing Co.,*
    2006 WL 3927242 (Del. Ch. Oct. 10, 2006) ..........................................................10

*Celotex Corp. v. Catrett,*
    477 U.S. 317 (1986)...................................................................................................8

*DelCostello v. Int'l Bhd. of Teamsters,*
    462 U.S. 151 (1983)...................................................................................................8

*Fotta v. Trustees of the United Mine Workers of America,*
    319 F.3d 612 (3d Cir. 2003)................................................................................12, 13

*Jackson v. Chevron Corp. Long-Term Disability Org., Inc.,*
    2006 U.S. Dist. Lexis 3590 (D. N.J.)........................................................................9

*Skinner v. E.I. DuPont de Nemours and Company, Inc.,*
    2001 WL 1414313 (D. Del. Oct. 29, 2001) ...................................................*passim*

*Skretvedt v. E.I. DuPont de Nemours, et al.,*
    268 F.3d 167 (3d Cir. 2001).....................................................................................12

*Skretvedt v. E.I. Dupont de Nemours, et al.,*
    372 F.3d 193 (3d Cir. 2004)................................................................................11-13

*Syed v. Hercules,*
    214 F.3d 155 (3d Cir. 2000) *cert denied,*
    531 U.S. 1148 (2001)................................................................................................9

*Wiers v. Barnes,*
    925 F.Supp. 1079 (D. Del. 1986).............................................................................8

**STATUTES**

10 *Del. C.* § 8111 ............................................................................................................9

29 U.S.C. § 1113..............................................................................................................9

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ...................*passim*

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c) ........................................................................................................8

## NATURE AND STAGE OF PROCEEDINGS

This is a case arising out of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA"), brought by Plaintiff Danny M. Skinner ("Skinner" or "Plaintiff") against his former employer, Defendant E.I. du Pont de Nemours and Company, as well as the plan administrators of various employee benefit plans (collectively "DuPont" or "Defendants"). Plaintiff was employed at Defendant's plant in Seaford, Delaware from June 1973 until his employment was terminated on March 14, 1989. Following his termination, Plaintiff sought benefits under DuPont's Pension and Retirement Plan ("Pension Plan") and Total and Permanent Disability Income Plan ("T&P Plan") (the benefits at issue under the Pension Plan and the T&P Plan are referred to as, respectively, "Incapability Pension" and "T&P Benefits"). When DuPont denied Plaintiff's eligibility for benefits under either plan, Plaintiff filed suit in this Court. *See Skinner v. E.I. DuPont de Nemours and Company, Inc.*, 2001 WL 1414313, *1 (D. Del. Oct. 29, 2001). Following trial, the Court granted judgment in favor of DuPont, finding that Plaintiff's claims for an Incapability Pension and T&P Benefits were time-barred. *Id.* Nonetheless, in December 2001, DuPont's Board of Benefits and Pensions reconsidered its original decision and voluntarily awarded Plaintiff an Incapability Pension, retroactive to the day following his separation from employment in March 1989. Plaintiff was awarded T&P Benefits, retroactive to his termination date, shortly thereafter.

Plaintiff filed the instant complaint **over five years later** (and eighteen years after his termination from DuPont), on June 15, 2007, claiming that he is entitled to prejudgment and post-judgment interest on the Incapability Pension and T&P Benefits, which DuPont **voluntarily** awarded him. (D.I. 1) Plaintiff's current complaint also claims that he is entitled to benefits under DuPont's Short Term Disability Plan. (D.I. 1)

DuPont filed a timely answer to the complaint, denying that Plaintiff was entitled to interest, prejudgment, postjudgment or otherwise, on any of his benefits, and denying that Plaintiff was entitled to any benefits under the Short Term Disability Plan ("STD Plan"). (D.I. 3) Additionally, DuPont raised several affirmative defenses including, most notably, that Plaintiff's claims were barred by the applicable statute of limitations. (D.I. 3) Neither party initiated any discovery in this matter, largely because the pertinent facts were established in the earlier action. The questions presented are questions of law. This is DuPont's Opening Brief in Support of its Motion for Summary Judgment.

## **SUMMARY OF ARGUMENT**

I.      DuPont Is Entitled To Summary Judgment Because All Of Plaintiff's Claims Are Barred By The Applicable Statute Of Limitations.

II.     DuPont Is Entitled To Summary Judgment On Plaintiff's Claim For Prejudgment Interest Because There Is No Judgment Upon Which Prejudgment Interest Could Have Accrued.

III.    DuPont Is Entitled To Summary Judgment On Plaintiff's Claim For Interest Because DuPont Did Not Wrongfully Withhold Or Delay The Payments Of Plaintiff's Benefits.

IV.     Plaintiff's Claim For Post-judgment Interest Is Premature.

V.      DuPont Is Entitled To Summary Judgment On Plaintiff's Claim For Short Term Disability Benefits Because Plaintiff Already Received All Benefits To Which He Is Entitled Under That Plan.

## STATEMENT OF FACTS

Plaintiff was employed by DuPont at its nylon plant in Seaford, Delaware from June 1973 to March 14, 1989. *See Skinner v. E.I. DuPont de Nemours and Company, Inc.*, 2001 WL 1414313, *1 (D. Del. Oct. 29, 2001).[1] Plaintiff suffered an on-the-job injury on September 13, 1988 and received six months of short term disability benefits, the maximum amount of benefits allotted under DuPont's STD Plan. *Id.* Indeed, it was after Plaintiff had exhausted all benefits under the STD Plan, and was still unable to return to work, that DuPont terminated his employment. *Id.* In February 1989, Plaintiff applied for long term benefits under the Pension Plan and the T&P Plan. *Id.*

At the time of Plaintiff's employment, DuPont employees were eligible for an Incapability Pension if DuPont's Board of Benefits and Pensions (the "Board") found that they had become, for any reason, "permanently incapable of performing the duties of [their] position with the degree of efficiency required by the Company, and [have] at least 15 years of service." *Id.* DuPont employees were also eligible for T&P Benefits if their "service is terminated because of total and permanent disability" and they were otherwise "permanently incapable of working at any gainful employment." *Id.*

The application procedure for benefits under both plans was a multilayered process, which provided the employee with appeal rights in the event of a denial of benefits. *Id.* at *1-2. The procedure required the employee seeking benefits to submit an application to his site benefits administrator for his recommendation. *Id.* at *1. The application is then forwarded to the corporate pension group for a pension calculation and to the medical group for a medical recommendation. *Id.* Next, the application package is submitted to a delegate of the Board (in

---

[1] Because the present litigation arises out of the same operative facts as the previous action between the parties, DuPont cites to the post-trial decision from that case where appropriate.

this case the Case Determination Committee ("CDC")) for review and determination. *Id.* at *2. The CDC renders a written decision to the employee, who then has an opportunity to appeal the decision to the Board. *Id.* If the Board affirms the CDC's decision, it then renders a written decision, which the employee can challenge by filing suit in a court of competent jurisdiction. *Id.*

In March 1989, the CDC reviewed Plaintiff's request for Incapability Pension and T&P Benefits and recommended that the request be denied because, based on evidence submitted by the medical group, Plaintiff's condition could have improved with surgery and was therefore not permanent, even though he was then incapable of performing his job. *Id.* Plaintiff appealed that decision and, in June 1989, the Board denied his appeal. *Id.* at *3. Plaintiff then filed suit, which was removed to this Court in March 1992, claiming that DuPont had violated ERISA by denying his application for benefits. *Id.* at *1. After two separate remands from the Court, the Board twice more reviewed Plaintiff's application, but each time concluded that he was not eligible for benefits. *Id.* at *3-4. Finally, a bench trial was conducted in September 2000. *Id.* at *1. In October 2001, the Court concluded that the Board's 1998 decision to deny benefits was not supported by substantial evidence. *Id.* at *6. However, the Court concluded that Plaintiff's entire lawsuit was time-barred by the one year statute of limitations applicable to his claim for benefits under ERISA Section 502(a)(1)(B). *Id.* The Court found that the Board had issued its first denial letter on June 19, 1989, but Plaintiff did not file his lawsuit until February 21, 1992, which was more than a year after the Board's decision and thus outside the statute of limitations period. *Id.*

Despite the Court's entry of judgment in DuPont's favor, DuPont's Board of Benefits and Pensions reconsidered Plaintiff's application and *voluntarily* awarded him both Incapability

Pension and T&P Benefits. DuPont informed Plaintiff by letter dated December 31, 2001 that he would begin to receive monthly Incapability Pension benefits, retroactive to his termination date of March 14, 1989. (Letter dated December 31, 2001; A1)[2] Shortly thereafter, on April 16, 2002, DuPont's Board of Benefits and Pensions also awarded Plaintiff T&P Benefits. (Aetna letters dated April 16, 2002 and May 10, 2002; A4-7; A8-9) On or about January 30, 2002, DuPont sent Plaintiff a check in the amount of $62,194.00, which represented the amount of pension benefits he accrued between March 14, 1989 and December 2001. Thereafter, Plaintiff began receiving monthly pension benefits in the amount of $405.00. Plaintiff continues to receive this monthly pension benefit, which he will enjoy for the remainder of his life.

Under the T&P Plan, Plaintiff's monthly Incapability Pension and any award of Social Security Disability Income benefits ("SSDI") are required to be offset from his T&P Benefits. (Aetna letters dated April 16, 2002 and May 10, 2002; A4-7; A8-9) Plaintiff began receiving SSDI benefits effective March 1989. *Id.* As a result of his receipt of an Incapability Pension and SSDI benefits, Plaintiff's T&P Benefit amount was effectively $0 for the period from April 1989 to May 1991. *Id.* Beginning in May 1991, after the offsets for Incapability Pension and SSDI benefits, Plaintiff was entitled to a net T&P Benefit of $18.00 per month. *Id.* DuPont paid Plaintiff for his net T&P Benefit for the period from May 1991 through April 2002 by issuing him a check in the gross amount of $2,376.00 (representing $18 per month for 132 months) on May 10, 2002. (Check; A10) Thereafter, beginning in May 2002, Plaintiff received a monthly T&P Benefit of $18.00. (Aetna letters dated April 16, 2002 and May 10, 2002; A4-7; A8-9)

---

[2] Pertinent documentary evidence is included in Defendants' Appendix to their Opening Brief in Support of their Motion for Summary Judgment, referred to herein as ("A___"), and filed contemporaneously herewith.

Well over **five years** after Plaintiff was voluntarily awarded benefits under DuPont's Incapability Pension Plan and T&P Plan, Plaintiff filed this action, seeking interest for the delay between his termination (in 1989) and receipt of benefits (in 2001).

## ARGUMENT

**I.    DUPONT IS ENTITLED TO SUMMARY JUDGMENT BECAUSE ALL OF PLAINTIFF'S CLAIMS ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS.**

### A.    <u>Summary Judgment Standards</u>

Summary judgment is required where "the pleadings, depositions, answers to interrogatories, and admissions on file…show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Wiers v. Barnes*, 925 F.Supp. 1079, 1085 (D. Del. 1986) (citing Fed. R. Civ. P. 56(c)). Further, "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a case, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.*

In this case, there is no dispute regarding the relevant facts. As a matter of law, even taking the allegations of Plaintiff's complaint to be true, it is clear that Plaintiff's claims are untimely. Furthermore, Plaintiff failed to adduce *any* evidence that he is otherwise entitled to prejudgment interest or any interest at all. Finally, the evidence is clear that Plaintiff received all the benefits available under DuPont's STD Plan. (A fact that was never challenged in Plaintiff's prior suit for benefits.) Plaintiff's complaint should, therefore, be dismissed in its entirety.

### B.    <u>Merits of Argument</u>

As a threshold issue, all of Plaintiff's claims are barred by the one-year statute of limitation applicable to claims for benefits under ERISA.

8

ERISA does not provide a statute of limitations for suits brought to recover benefits[3], so courts must look to the most analogous state statute of limitations. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 158-160 (1983). The statute of limitations for claims brought under ERISA §§ 502(a)(1)(B) and 502(a)(3) is the most relevant state statute of limitations governing contract actions. *See Syed v. Hercules*, 214 F.3d 155, 159 (3d Cir. 2000), *cert denied*, 531 U.S. 1148 (2001); *Jackson v. Chevron Corp. Long-Term Disability Org., Inc.*, 2006 U.S. Dist. Lexis 3590 (D. N.J.) (citing *Syed*, stating claims under §§ 502(a)(1)(B) and (a)(3) are governed by same limitations period). The Third Circuit Court of Appeals has determined that the one-year statute of limitations embodied in 10 *Del. C.* § 8111 is applicable to suits, such as this one, brought to recover benefits under an ERISA plan.[4] *Syed*, 214 F.3d at 159. While acknowledging this period of time is short, the Third Circuit noted that "Congress intended courts to apply the most closely analogous state statute of limitations." *Id.* at 160. Finding Section 8111 of Title 10 of the Delaware Code the most closely analogous and deciding this period of time was not inconsistent with the policy of ERISA, the Court held that the one-year statute of limitations applied. *Id.* at 160-61.

Even if Plaintiff's current claims are analyzed as equitable claims under ERISA Section 502(a)(3), they should be barred by the doctrine of laches. *See, e.g., Atlantis Plastics Corp. v.*

---

[3] ERISA does provide a three-year statute of limitations for breach of fiduciary duty claims brought pursuant to Section 409. 29 U.S.C. § 1113. Plaintiff does not allege that his claims for interest are predicated on a breach of fiduciary duty. In any event, such a claim would be time-barred because over five years elapsed between Plaintiff's receipt of benefits (and knowledge that his past benefits were paid exclusive of interest) and the filing of this suit.

[4] 10 *Del. C.* § 8111 provides that:

"No action for recovery upon a claim for wages, salary, or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work, labor or personal services performed or in connection with any such action, *shall be brought after the expiration of one year* from the accruing of the cause of action on which such action is based" (emphasis added).

*Sammons*, 558 A.2d 1062, 1064 (Del. Ch. 1989) (defining laches as an equitable doctrine that bars a plaintiff from delaying unreasonably in bringing a claim to the detriment of the defendant). Typically, a claim is barred by laches if (1) plaintiff knew of his claim, (2) unreasonably delayed in bringing suit upon that claim, and (3) the delay caused injury or prejudice to the defendant. *See Bakerman v. Sidney Frank Importing Co.,* 2006 WL 3927242, at *20 (Del. Ch. Oct. 10, 2006). In this case, there can be little question that Plaintiff knew of his claims and unreasonably delayed in bringing suit. Indeed, Plaintiff's prior suit for benefits was unsuccessful because it was untimely. *See Skinner v. E.I.* DuPont *de Nemours and Company*, 2001 WL 1414313, *6 (D. Del. 2001). Moreover, DuPont has been prejudiced by the lengthy delay, because many of the records needed to verify Plaintiff's benefit status have been purged in accordance with routine maintenance under DuPont's document retention policy. In any event, "[a]n analogous statute of limitations period applicable at law ... is to be given great weight in determining whether a suit is to be time-barred in equity by laches and will be applied in the absence of unusual or mitigating circumstances." *Atlantis Plastics Corp.*, 558 A.2d at 1064 (emphasis supplied). There are no unusual or mitigating circumstances present in this case and the one-year statute of limitations should be given effect.

In the present case, DuPont voluntarily awarded Plaintiff his Incapability Pension on or about December 31, 2001. (Letter dated December 31, 2001; A1) DuPont voluntarily provided Plaintiff T&P Benefits beginning in April 2002. (Aetna letters dated April 16, 2002 and May 10, 2002; A4-7; A8-9) Thus, the statute of limitations expired no later than April 30, 2003. However, Plaintiff did not file suit until June 2007, over five years after receiving his benefits and more than four years after the statute of limitations expired.

Additionally, Plaintiff's claim for benefits under the STD Plan is also time-barred. Any denial of Plaintiff's request for benefits under the STD Plan presumably would have taken place in September 1988, after Plaintiff was injured.[5] Plaintiff's claim for these benefits, nearly twenty years later, is clearly outside the applicable one-year statute of limitations.

## II.    DuPont is Entitled to Summary Judgment on Plaintiff's Claim for Prejudgment Interest Because There Is No Judgment Upon which Prejudgment Interest Could Have Accrued.

Plaintiff seeks prejudgment interest on both his Incapability Pension as well as his T&P Benefits. As Plaintiff's complaint concedes, DuPont voluntarily awarded Plaintiff benefits under both of these plans. (D.I. 1, ¶22.) Plaintiff's receipt of Incapability Pension and T&P Benefits was a result of DuPont's decision to award them -- not as the result of any judgment by this Court. Indeed, this Court entered judgment in DuPont's favor following Plaintiff's suit for those benefits. *Skinner*, 2001 WL 1414313. In the absence of a judgment, Plaintiff cannot obtain prejudgment interest. *See Skretvedt v. E.I. Dupont de Nemours, et al.*, 372 F.3d 193, 209 n.21 (3d Cir. 2004) (hereinafter "*Skretvedt II*") (distinguishing "interest" from "prejudgment interest" and noting that "prejudgment interest" requires an underlying court judgment).

## III.    DuPont is Entitled to Summary Judgment on Plaintiff's Claim for Interest Because DuPont Did Not Wrongfully Withhold or Delay the Payment of Plaintiff's Benefits.

Assuming that this Court finds Plaintiff's claims for interest are not time-barred, Plaintiff's claim still fails because DuPont did not wrongfully withhold or wrongfully delay payment of his underlying benefits. Plaintiff is not entitled to interest on his Incapability Pension

---

[5] Plaintiff fails to allege when the alleged denial of benefits occurred. Additionally, it is DuPont's position that Plaintiff received all benefits under the STD Plan to which he was entitled. *See* Section V, *infra*.

or his T&P Benefits because he has not shown, and cannot show, that DuPont wrongfully withheld or wrongfully delayed the payment of those benefits. Additionally, even if Plaintiff could show that DuPont wrongfully withheld or wrongfully delayed the payment of his benefits, exceptional circumstances exist making an award of interest inequitable.

The Third Circuit has held that a beneficiary, such as Plaintiff, is "presumptively entitled to interest on his delayed benefits only if those benefits were wrongfully withheld or wrongfully delayed." *Fotta v. Trustees of the United Mine Workers of America*, 319 F.3d 612, 617 (3d Cir. 2003). According to the Court, the Plaintiff "must meet a high standard" and must show that the eligibility determinations were arbitrary and capricious. *Id.* In this case, DuPont did not wrongfully withhold or wrongfully delay the payment of either Plaintiff's Incapability Pension or his T&P Benefits.

The Court should not award Plaintiff interest on his Incapability Pension because DuPont's delay in paying his Incapability Pension was not wrongful. DuPont followed all appropriate ERISA rules and regulations governing the appeals process. Additionally, during the delay in making payment, DuPont was justifiably defending its position that Plaintiff was not entitled to benefits under the Pension Plan.

The Court also should not award Plaintiff interest on his T& P Benefits because DuPont's delay in paying these benefits was not wrongful either. As discussed in *Skretvedt*, which addressed the same plans, it was DuPont's practice "to first determine whether an employee qualified for incapability benefits. If so, [DuPont] would determine whether the employee also qualified for T&P benefits." *Skretvedt v. E.I. DuPont de Nemours, et al.*, 268 F.3d 167, 171 (3d Cir. 2001). Under the eligibility standards of the plans, Plaintiff could not possibly be entitled to T&P Benefits if he was not at least entitled to the Incapability Pension. As a result, DuPont

12

acted in conformance with its own practice and procedure, and with the plan's eligibility standards, in refusing to address Plaintiff's claim for T&P Benefits before it had made a determination with respect to Plaintiff's claim for the Incapability Pension. Once it made a determination to deny Plaintiff's claim for the Incapability Pension, DuPont could not, under the plan's eligibility standards, grant Plaintiff's claim for T&P Benefits. However, after the initial litigation, despite not being required to, DuPont voluntarily gave Plaintiff the Incapability Pension and thereafter awarded him T&P Benefits as well. In following its own procedures and the eligibility standards of its plans, DuPont did not act wrongfully in delaying payment of Plaintiff's T&P Benefits and as a result the Court should not award interest on those benefits.

Even if this Court determines that DuPont acted wrongfully in delaying payment of either of these benefits, Plaintiff is not entitled to interest. The Third Circuit has held that "interest is presumptively appropriate...*unless exceptional or unusual circumstances exist* making the award of interest inequitable." *Skretvedt II*, 372 F.3d at 215 (quoting *Fotta*, 319 F.3d at 618) (emphasis added). Such circumstances exist here. The <u>only</u> reason Plaintiff has received benefits is because DuPont voluntarily awarded them to him. This Court's prior ruling that Plaintiff's claim for benefits was time-barred would have resulted in no award of benefits, but for DuPont's voluntary decision to provide benefits. *See Skinner*, 2001 WL 1414313 at *6. An award of interest in this case not only would be inequitable, but would have the very real and direct effect of punishing DuPont for its voluntary gesture of generosity towards a former employee.

## IV.    <u>Plaintiff's Claim for Postjudgment Interest is Premature.</u>

The precise nature of Plaintiff's claim for postjudgment interest is unclear from a reading of the Complaint. The claim could be directed to either postjudgment interest on any underlying

benefits or postjudgment interest on any award of interest in the present litigation. However, under either situation, DuPont believes it is not appropriate to address postjudgment interest at this time.

Postjudgment interest on either the Incapability Pension or the T&P Benefits is unavailable at any point in time, for the same reason that prejudgment interest is unavailable: namely, that there was no underlying judgment awarding these benefits. *See Skretvedt II*, 372 F.3d at 217 ("Absent the existence of a 'money judgment,' Skretvedt is, therefore unable to pursue postjudgment interest with respect to DuPont's four month delay in paying incapability benefits"). Because DuPont voluntarily awarded Plaintiff each of these benefits, there was no judgment requiring it to do so, and therefore Plaintiff cannot collect postjudgment interest on these benefits.

It is not appropriate to address the other possible interpretation of Plaintiff's claim for postjudgment interest, *i.e.*, that Plaintiff seeks postjudgment interest on any award of interest given to Plaintiff as a result of this litigation. In order for postjudgment interest to be available at all, there must be an award by this Court of interest on the benefits voluntarily provided to Plaintiff by DuPont.[6] Should this Court grant Plaintiff interest on either or both of the benefits, at that point Plaintiff should file a timely motion for postjudgment interest on any resulting award. *See Skretvedt II*, 372 F.3d at 218 (directing the same). Therefore, DuPont respectfully requests that the Court delay addressing issues relating to postjudgment interest until Plaintiff moves for such an award following an award, if any, of interest on Plaintiff's Incapability Pension and/or an award, if any, of interest on Plaintiff's T&P Benefits.

---

[6] The Third Circuit has questioned whether postjudgment interest is available at all on an award of interest in a case like this, but ultimately chose not to address the issue. *Skretvedt II*, 372 F.3d at 217-218.

**V.    DuPont is Entitled to Summary Judgment on Plaintiff's Claim for Short Term Disability Benefits Because Plaintiff Already Received Such Benefits.**

In his Complaint, Plaintiff alleges for the first time that he was not given STD Benefits in 1988 when he was injured.[7]  However, this allegation is plainly false.[8]  Plaintiff received six months of STD Benefits – the maximum allotted under the Plan - from September 13, 1988 until March 31, 1989, the date of his termination.  Indeed, this Court determined that was the case in the original litigation between the parties, noting it as a fact in its "Findings of Fact."  *See Skinner*, 2001 WL 1414313 at *1.

---

[7] Plaintiff failed to allege this in the initial Complaint filed in 1992 or the Amended Complaint filed in 1995, so it is unclear why he is bringing this claim now nearly twenty years after Plaintiff would have been eligible for STD Benefits.  (*See* 1992 Complaint; A12-38)

[8] Such a claim for STD Benefits is also time barred.  *See* Section II, *supra*.

## CONCLUSION

For all the foregoing reasons, it is hereby respectfully requested that this Court enter an Order granting DuPont's Motion for Summary Judgment and dismissing Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: _____
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Michael B. Rush (#5061)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
kmcdonough@potteranderson.com - Email
sdiluzio@potteranderson.com - Email
mrush@potteranderson.com - Email

*Attorneys for Defendants*

Dated: April 30, 2008
860045v3 / 20120-444

16

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on April 30, 2008, I electronically filed a true and correct copy of the foregoing **DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM.ECF.

### VIA CM/ECF NOTIFICATION

John M. Stull, Esquire
3 Mill Road
Suite 306A
Wilmington, DE 19806

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
E-mail: sdiluzio@potteranderson.com

860045v3 / 20120-444