## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

DANNY M. SKINNER,         )
                              )
          Plaintiff,      )      C.A. 07-384 SLR
                              )
         v.                )
                              )
E.I. DU PONT DE NEMOURS AND COMPANY, )
a Delaware corporation; E.I. DU PONT DE   )
NEMOURS AND COMPANY, Plan Administrator;)
PENSION AND RETIREMENT PLAN; TOTAL   )
AND PERMANENT DISABILITY INCOME    )
PLAN; and SHORT TERM DISABILITY PLAN,  )
                              )
         Defendants.    )

## APPENDIX TO
## DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR
## MOTION FOR SUMMARY JUDGMENT

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Michael B. Rush (#5061)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
kmcdonough@potteranderson.com
sdiluzio@potteranderson.com
mrush@potteranderson.com

*Attorneys for Defendants*

Date: April 30, 2008

## TABLE OF CONTENTS

Letter to Plaintiff from DuPont Board of Benefits and Pensions regarding benefits
Dated December 31, 2001.................................................................................. A1-2

Plaintiff's Initial Disclosures:  Letter to Plaintiff from DuPont regarding benefits ...............A3

Letter to Plaintiff from Aetna Life Insurance Company regarding benefits
Dated April 16, 2002...................................................................................... A4-7

Letter to Plaintiff from Aetna Life Insurance Company regarding benefits
Dated May 10, 2002....................................................................................... A8-9

Payment Information form and check reflecting Plaintiff's benefits
Dated May 10, 2002..........................................................................................A10

Determination of Plaintiff's Retroactive Payment.................................................A11

Complaint, *Skinner v. E.I. DuPont de Nemours and Company, Inc., et al.*
Filed February 21, 1992........ ................................................................... A12-38

862256v1 / 20120-444

m

# Board of Benefits and Pensions

December 31, 2001

Mr. Danny M. Skinner
907 N. Walnut Street
Milford, DE 19963

Dear Mr. Skinner:

At the request of the Legal Department of E. I. du Pont de Nemours and Company, Inc. ("DuPont Legal"), the Board of Benefits and Pensions (the "Board") has reconsidered your request for Incapability Retirement benefits from the DuPont Pension and Retirement Plan (the "Plan").

DuPont Legal requested the Board reconsider the prior decisions regarding this benefit based on its understanding of recent rulings in US District Court. Upon reconsideration, the Board has approved your request for Incapability Retirement from the Plan.

As a result of this decision, you are entitled to a benefit of $405.00 per month retroactive to the day following your separation from service date, March 14, 1989. If you were married on your Benefit Commencement Date, this amount would be reduced to reflect the Spouse Benefit Option unless you waived this coverage. This election would require your spouse's consent. Our records indicate you were not married on March 14, 1989. If this is incorrect, please provide your spouse's name, Social Security Number, and Date of Birth.

You also are entitled to an Incapability Supplement from the Plan of $185.00 per month, also retroactive to your Benefit Commencement Date. This supplement is payable from the Plan only before payments from Social Security begin. If you have been awarded Social Security disability payments, please also provide a copy of your award letter.

As a result of your approval for Incapability Retirement, you are also eligible to participate in DuPont's post-retirement medical, dental, and life insurance plans. Your options and applicable premiums are shown in the election materials.

Please read the accompanying materials carefully, and then indicate your elections. Mail all required forms to the address shown. DO NOT send these forms to DuPont Connection.

If you have any questions, you may contact me at (302) 773-0013.

Sincerely,


Andrew F. Lesser
Sr. Pension Analyst
DELEGATE OF THE BOARD OF BENEFITS AND PENSIONS

/afl

**A1**

Enclosures
cc: Secretary of the Board of Benefits and Pensions (w/o encl.)

m

# Board of Benefits and Pensions

John M. Stull, Attorney (with encl.)

Mr. Danny M. Skinner
907 N. Walnut Street
Milford, DE 19963

Dear Mr. Skinner:

The Benefits Administration Services group at E. I. du Pont de Nemours & Company has received your completed election forms, and has taken action to institute the benefits that you elected. Your benefits will be handled as follows:

Pension - Retroactive to Original Retirement Date

We are preparing a special check in the amount of $62,194.00. This represents a partial payment of $229.00 for March 1989 and $405.00 per month for 133 months from April 1989 to December 2001. Because you were approved for Social Security Disability effective March 1989, the Pension Plan does not pay an Incapability Supplement.

Because you elected to decline withholding for Federal income taxes, no withholding will be applied. You may wish to consult with your attorney or tax advisor whether it would be prudent to make an estimated tax payment for Federal or State income taxes. No other deductions will be taken from this check.

This special check will be mailed to you on or about January 30, 2002.

Pension – Current Payments

DuPont Connection has initiated your monthly pension benefit of $405.00 effective January 2002. You will receive your first payment on or about February 28, 2002, which will include both your January and February entitlements. You will then receive $405.00 per month for your lifetime, on or about the end of each month. You will receive a Form IRS 1099-R each year detailing the taxable benefit you receive in each year.

Post-Retirement Health and Welfare Benefits

DuPont Connection has also initiated your post-retirement Health and Welfare benefits – your AETNA Managed Care medical coverage and Dental Assistance Plan. This coverage has been instituted effective January 1, 2002. Premiums for this coverage will be deducted from your monthly pension checks. DuPont Connection will send you, under separate cover, confirmation of your elections and descriptions of the benefits plans in which you participate.

A3



451 Farmington Avenue
Hartford, CT 06156

Benjamin Braddock
Phone 1-800-325-7377
Fax (860) 975-0239

**\*\* MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS \*\***

April 16, 2002

DANNY SKINNER
907 NORTH WALNUT STREET
MILFORD, DE 19963-7227

Dear Mr. Skinner:

Total and Permanent (T&P) Disability Income Plan

Group Control:    701316                    SS/Cert No:    **REDACTED**
Employer:         E.I. DuPont de Nemours
Employee:         Danny Skinner

We have reviewed your application for long term disability benefits and determined that, at present, you are totally disabled from pursuing any gainful occupation according to the terms of the Total and Permanent Disability Income Plan (T&P). Additionally, we have determined that you are permanently incapable of performing the duties of your position with the degree of efficiency required according to the terms of the Pension and Retirement Plan. Therefore, you are eligible for monthly Incapability Pension benefit commencing April 1, 1989. You will receive details regarding your Incapability Retirement benefits from DuPont Connection under separate cover. Please contact DuPont Connection at 1-800-775-5955 with any questions related to your Incapability Retirement benefits. Your T&P benefits are described below.

### Criteria for Continuation of Benefits

Although we have determined that you are presently disabled from any gainful occupation, we will periodically re-evaluate your eligibility by requesting updated medical information from your attending physician or an independent physician of our choice. We may also request that you participate in a vocational assessment interview if deemed necessary. If we conclude that you are capable of performing gainful employment, T&P benefits will be reassessed at that time.

During the period of benefit eligibility, you may be contacted by our representatives regarding Aetna's rehabilitation program or our Social Security Advocacy Attorney Referral Program. While these programs are voluntary, we encourage you to cooperate when requested since these services may be highly beneficial to you.

Based upon contractual provisions, your maximum period of entitlement is lifetime.

A4

## Computation of Monthly T&P Benefit

T&P benefits supplement certain other income described in the enclosed Notice Concerning Benefits, so that the total amount from all applicable sources will not be less than 60% of your monthly rate of basic earnings $1,269.00, at the time your disability commenced. Your monthly T&P benefit is illustrated below:

04-01-1989 →
| | |
|---|---|
| Gross (60% of monthly earnings) | $1,269.00 |
| Social Security – Primary (Estimate) | $-841.00 |
| Pension | $-405.00 |
| Incapability Supplement | $-185.00 |
| Net Benefit | $0.00 |

The calculation of your monthly disability benefit includes an estimation for Social Security Disability Income (SSDI). According to the provisions of the E.I. DuPont de Nemours policy for Total and Permanent Disability, this estimate will reduce your T&P benefit until one of the following occurs:

1. you are approved for Social Security Disability benefits either at the initial or reconsideration level;
2. your claim for Social Security Disability benefits is denied at both the initial and reconsideration level, or;
3. you become eligible for Social Security Retirement (SSR) benefits upon reaching age 62.

Although you may or may not be currently receiving Social Security Disability Income, this estimation is in place with the anticipation that you will be receiving these benefits shortly.

If in fact you are already receiving Social Security Disability (SSD) or Social Security Retirement (SSR) income benefits, please provide our office with a copy of your initial award notice. Upon receipt of your award notice, our office will make any necessary adjustments to your claim and notify you accordingly in writing.

If you have not already done so, we would encourage you to contact your local Social Security Administration office immediately to request an application for Social Security Disability Income Benefits. You will need to follow the instructions on the application they will provide, and return it to your local SSA office. If you have questions or need assistance in completing this application, please contact your local SSA office, or you can visit their website via the internet at 'www.ssa.gov'.

Please be advised that although you may not be currently receiving income from the Social Security Administration, the estimation for Social Security Disability Benefits will be factored into your T&P calculation. As a result, your computed monthly T&P benefit may

**A5**

appear to be less than 60% of your monthly pre-disability earnings. This will however, continue until one of the three criteria noted above are met.

If you are denied Social Security benefits at both the initial and reconsideration level, we will upon receipt of your denial letter, recalculate your T&P benefit. This recalculation will not include the estimation for Social Security Income and our office will at that time retroactively issue any payment to you that may be due.

If you have less than 15 years of service, we will provide you with a temporary advance equal to 50% of the estimated Social Security Disability Income amount. If you are awarded Social Security Disability Benefits or become eligible for Social Security Retirement Benefits, we will discontinue this temporary advance.

In order to meet these T&P plan requirements you must forward copies of all Social Security correspondence regarding your application to: Aetna US Healthcare, 151 Farmington Avenue, Hartford, CT 06156. This should include any and all approval/denial notifications at all levels of application.

By federal regulation, we are required to withhold 27.0% from the taxable portion of your disability payment. Please submit a current W-4 form if you would like to change this withholding amount.

Please carefully read the instructions on the enclosed Notice Concerning Benefits. Failure to comply with each applicable provision may jeopardize your future eligibility.

Since your monthly income from other sources currently exceeds the gross monthly T&P benefit, no benefits are payable at this time. You should notify us immediately if the amount of your other income changes. We will re-evaluate your T&P entitlement at that time.

You are entitled to a review of this determination if you have questions or do not agree with the decision. To obtain a review, you or your representative should submit a request in writing to this office. Your request should include the group name (i.e., the name of your employer); you're full name, Social Security number, and any other pertinent identifying information.

Additionally, your request should include all issues and comments that you would like to be considered. You are also entitled to a review of all documents pertinent to your claim. Written request for review must be mailed or delivered within 60 days following receipt of this explanation or such longer period as may be specified in your plan brochure or Summary Plan Description. Ordinarily, you will receive notification of the final determination within 60 days following receipt of your request. If special circumstances require an extension of time, you will be notified of such extension during the 60 days following receipt of your request.

If you have any questions regarding your benefits, please contact us at 1-800-325-7377.

A6

Thank you for your cooperation.

Sincerely,

Benjamin Braddock

A7

DEC.04.2002 15:43  3021737222          DUPONT LEGAL



151 Farmington Avenue
Hartford, CT  06156
Fax (860) 975-0239

Matthew A. Castagno
Aetna US Healthcare
Disability Claim Service Center - RT32

**\*\*MAINTAIN A COPY OF THIS LETTER FOR YOUR RECORDS\*\***

May 10, 2002

DANNY M SKINNER
907 NORTH WALNUT STREET
MILFORD, DE  19963-7227

Dear Mr. Skinner:

**Total and Permanent Disability (T&P) Income Benefits**

| | | |
|---|---|---|
| Group Control: | 701316 | SS/Cert No:  **REDACTED** |
| Employer: | E.I. DuPont de Nemours | |
| Employee: | Danny M. Skinner | |

This letter is in regards to recent changes of your approved T&P claim.

We have been informed that you have been awarded Social Security Disability Income Benefits (SSDIB) effective 03-1989. As a result, your plan requires that your monthly benefit be decreased as of 04-1989 (effective date of your T&P benefits). The date of your Social Security Award notice is 04-09-1991. Therefore, Dupont Connections will discontinue your Incapability Supplement effective with the month of 05-1991. Below is an explanation of your benefits for the period 04-1989 forward.

**BENEFIT PAID**
04-1989 → 04-2002

| | |
|---|---|
| Gross | $1270.00 |
|     Social Security – Estimate | - 841.00 |
|     Pension | - 405.00 |
|     Incapability Supplement | - 185.00 |
| Net Benefit | $0.00 |

**BENEFIT SHOULD HAVE PAID**
04-1989 → 04-1991

| | |
|---|---|
| Gross | $1270.00 |
|     Social Security – Primary | - 847.00 |
|     Pension | - 405.00 |
|     Incapability Supplement | - 185.00 |
| Net Benefit | $0.00 |

05-1991 → 04-2002

| | |
|---|---|
| Gross | $1270.00 |
|     Social Security – Primary | - 847.00 |
|     Pension | - 405.00 |
|     Incapability Supplement | n/a |
| Net Benefit | $18.00/mo |

A8

| UNDERPAID CALCULATION | AMOUNT ISSUED TO YOU | (less) AMOUNT DUE | = UNDER PAYMENT |
|---|---|---|---|
| BENEFIT PERIODS | | | |
| 04-1989 → 04-1991 | $0.00 | $0.00 | $0.00 |
| 05-1991 → 04-2002 | $0.00 | $18.00/mo | $18.00/mo |
| (132 months) | ($0.00) | ($2376.00) | ($2376.00) |
| GROSS UNDERPAYMENT | | | $2,376.00 |

As stated above you have been underpaid. Under separate cover you will receive a check in the amount of $2,376.00 (less applicable taxes) covering 05-1991 through 04-2002. All future payments for which you may be eligible will be mailed to you prior to the last day of each month.

Due to other income you are receiving, we recalculated your future benefit payments as indicated below. This breakdown of benefits will be effective 05-2002.

### FUTURE BENEFITS
05-2002 →

| | |
|---|---|
| Gross | $1270.00 |
| Social Security – Primary | - 847.00 |
| Pension | - 405.00 |
| Net Benefit | $18.00 |

You are entitled to a review of this determination if you have questions or do not agree with the decision. To obtain a review, you or your representative should submit a request in writing to this office. Your request should include the group name (i.e., - the name of your employer), your full name, Social Security number, and any other pertinent identifying information. Additionally, your request should include all issues and comments that you would like to be considered. You are also entitled to a review of all documents pertinent to this decision. To obtain a review, you or your representative should submit a request in writing to:

Aetna U.S. Healthcare
Disability Appeals Unit
151 Farmington Avenue
Hartford, CT 06156-2970
Fax # (860) 975-0239

Written request for review must be mailed or delivered within 180 days following receipt of this explanation or such longer period as may be specified in your plan brochure or Summary Plan Description. Ordinarily, you will receive notification of the final determination within 45 days following receipt of your request. If special circumstances require an extension of time, you will be notified of such extension during the 45 days following receipt of your request.

If you have any questions, please contact our office at 1-800-325-7377.

Sincerely,

Matthew A. Castagno
Aetna Life Insurance Company

**A9**

DEC-03-2002 12:40 ... Aetna ...
151 Farmington Avenue
Hartford, CT 06156-2964

<table>
<tr><td></td><td>For Aetna Use</td></tr>
</table>

| For Aetna Use | 000000344 |
| --- | --- |
| 7013161110102213651709400008 | |
| 39700100198810019S SKINNER | DM |

D M SKINNER
907 NORTH WALNUT STREET
MILFORD          DE          19963-1235

| Payment Address |
| --- |
|  |
|  |
|  |
|  |
|  |

the address for this payment is incorrect, please
ter the correct address in the "Payment Address"
ea to the right and return this stub to the
signated Aetna location.

you have any questions or wish to report any other
anges, please enclose this stub with your letter or
11 1-800-325-7377 for assistance.

PLEASE ENCLOSE THIS STUB WITH ANY CORRESPONDENCE

## ayment Information

| ayment Date 05/10/02   Payment Period 05/01/1991-04/30/2002 | Number        51296034 |
| --- | --- |
| introl-Suffix-Account   701316   11   101 | Certificate Number   0221365170 |

| Type | Amount | Type | Amount |
| --- | --- | --- | --- |
| .TD | 2376.00 | | |
| FIT | - 641.52 | | |

IT'S FREE! AETNA OFFERS YOU ALL
THE ADVANTAGES OF DIRECT
DEPOSIT TO YOUR BANK ACCOUNT!

CALL TOLL FREE TODAY AND FIND
OUT HOW EASY IT IS TO GET
STARTED.

ease detach and retain this stub for your records.

DETACH ALONG THE PERFORATED LINE

**51296034**   51-44 / 119

yer   DUPONT LONG TERM DISABILITY          NO. 7091          Check Number

| ontrol Suf Acct 01316 11 101 | Certificate Number | Employee Name D M SKINNER | Covg. 39700100 | Paymt 99 |

**REDACTED**

Do Not Endorse or Pay Before
Date
MAY 10 2002

O THE ORDER OF  D M SKINNER
907 NORTH WALNUT STREET
MILFORD          DE   19963-1236

PAY ▶   $*****1,734.48

E THOUSAND SEVEN HUNDRED THIRTY FOUR DOLLARS AND 48/100

Check Amount

Payment Period 05/01/1991-04/30/2002

First National Bank
Hartford, CT
Aetna Life Insurance Company
s Agent for the above Payer          Authorized Official

⑈512960346⑈ ⑈011900445⑈          709 ⑈          A10

**Danny M. Skinner**

**(ss#** REDACTED

**Determination of Retroactive Payment**

Incapability Retirement Benefit

| | | | | | |
|---|---|---|---|---|---|
| Commencement Date | | 3/14/89 | | | |
| Monthly Amount | | $404.08 unrounded | | $405.00 rounded | |
| Elected Form | | Pension Benefit Only | | | |

Partial Payment (Mar '89)

| | | | | | |
|---|---|---|---|---|---|
| Days of Payment | 17 | | | | |
| Days in Month | 30 | | | | |
| Proration factor | 0.56667 | 228.98001 unrounded | | $229.00 | |

Full Monthly Payments

| | | | | | |
|---|---|---|---|---|---|
| Start Month | | 04/01/89 | | | |
| End Month | | 12/31/01 | | | |
| # of months | 153 | | | $61,965.00 | |

| | |
|---|---|
| Retro Retirement Benefit | $62,194.00 |

Incapability Supplement

Social Security Benefits - approved effective March 1989

| | | | | |
|---|---|---|---|---|
| Commencement Date | | 3/14/89 | | |
| Monthly Amount | | $185.00 unrounded | $185.00 | |

| | |
|---|---|
| DOB: | 1/1/44 |
| Age 62 | 1/31/06 |
| End Month | 12/31/01 |

| | | | |
|---|---|---|---|
| Partial Payment | 0 | $0.00 | |
| Monthly Payments | 0 months | $0.00 | |

| | |
|---|---|
| Retro Supplement | $0.00 |

| | |
|---|---|
| Total Retroactive Payments (pension + supplement) | $62,194.00 |
| through 12/31/2001 | |

**A11**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

DANNY M. SKINNER,                                    )
                                                     )
                    PLAINTIFF,                       )
                                                     )
                                                     )
            v.                                       )   C.A. No. 92C-02-183
                                                     )
                                                     )   NON-ARBITRATION CASE
                                                     )
E. I. DU PONT DE NEMOURS & COMPANY,                  )
a  Delaware corporation; E. I. DU PONT               )
DE NEMOURS & COMPANY, Plan Administrator;)
PENSION AND RETIREMENT PLAN;                         )
HOSPITAL & MEDICAL-SURGICAL PLAN;                    )
DENTAL ASSISTANCE PLAN; NONCONTRIBUTORY              )
GROUP LIFE INSURANCE PLAN; CONTRIBUTORY              )
GROUP LIFE INSURANCE PLAN; TOTAL AND                 )
PERMANENT DISABILITY INCOME PLAN; SAVINGS)
AND INVESTMENT PLAN; TAX REFORM ACT STOCK)
OWNERSHIP PLAN; ROBERT P. SAVAGE, an                 )
individual; STEVEN KIMPTON, an individual)
and WAYNE P. WILKE, an individual,                   )
                                                     )
                    DEFENDANTS.                      )

## COMPLAINT

### THE PARTIES

1.  Plaintiff, Danny M. Skinner, (hereinafter

"Skinner"), was born September 21, 1949, and is a resident of

Delaware, and a former employee of E. I. du Pont de Nemours &

Company at its Seaford, Delaware, Plant.

2.  Defendant E. I. du Pont de Nemours & Company,

(hereinafter "Company") is a Delaware corporation having a

business office at 1007 Market Street, Wilmington, Delaware, and

a manufacturing plant in Seaford, Delaware.  The Company is an

employer engaged in commerce or in an industry or activity

affecting commerce within the meaning of 29 U.S.C. Sec. 1002

A12

(5),(11) and (12) and is the Plan Administrator for Defendant Plans herein. The Company is a fiduciary with repect to each and every Defendant Plan herein within the meaning of 29 U.S.C. Sec 1002 (21).

3. Defendant Pension and Retirement Plan (Plan No. 001) together with its associated Trust (hereinafter "Pension Plan") is a defined benefit pension plan maintained by the Company and is a pension benefit plan described in 29 U.S.C. Sec. 1002 (2) and (3). The Pension Plan is sponsored by the Company as defined by 29 U.S.C. Sec. 1002(16) and is funded by a trust separate from the general assets of the Company.

4. Defendant Hospital and Medical-Surgical Plan (Plan No. 503) (hereinafter "MEDCAP") is a plan, fund or program of the Company relating to benefits described in 29 U.S.C. Sec. 1002 and is a welfare benefit plan within the meaning of 29 U.S.C. Sec. 1002(1) and (3). MEDCAP is funded from the general assets of the Company.

5. Defendant Dental Assistance Plan (Plan No. 507) (hereinafter "DAP") is a plan, fund or program of the Company relating to benefits described in 29 U.S.C. Sec. 1002 and is a welfare benefit plan within the meaning of 29 U.S.C. Sec. 1002(1) and (3). DAP is funded from the general assets of the Company.

6. Defendant Noncontributory Group Life Insurance Plan (Plan No. 501) (hereinafter "Noncontributory Plan") is a plan, fund or program of the Company relating to benefits described in 29 U.S.C. Sec. 1002 and is a welfare benefit plan within the

2

A13

meaning of 29 U.S.C. Sec. 1002(1) and (3). Noncontributory Plan is funded from the general assets of the Company.

7. Defendant Contributory Group Life Insurance Plan (Plan No. 501) (hereinafter "Contributory Plan") is a plan, fund or program of the Company relating to benefits described in 29 U.S.C. Sec. 1002 and is a welfare benefit plan within the meaning of 29 U.S.C. Sec 1002(1) and (3). Contributory Plan is funded from the general assets of the Company.

8. Defendant Total and Permanent Disability Income Plan (Plan No. 508) (hereinafter "T & P Plan") is a plan, fund or program of the Company relating to benefits described in 29 U.S.C. Sec. 1002 and is a welfare benefit plan within the meaning of 29 U.S.C. Sec. 1002(1) and (3). T & P Plan is funded from the general assets of the Company.

9. Defendant Savings and Investment Plan (Plan No. 002) together with its associated Trust (hereinafter "SIP") is a defined contribution pension plan maintained by the Company and is a pension benefit plan described in 29 U.S.C. Sec. 1002 (2) and (3). The SIP is sponsored by the Company as defined by 29 U.S.C. Sec. 1002 (16) and is a trusteed plan the funds of which are separate from the general assets of the Company.

10. Defendant Tax Reform Act Stock Ownership Plan (Plan No. 005) together with its associated Trust (hereinafter "TRASOP") is a defined contribution pension plan maintained by the Company and is a pension benefit plan described in 29 U.S.C. Sec. 1002 (2) and (3). The TRASOP is sponsored by the Company as

3

defined by 29 U.S.C. Sec. 1002 (16) and is a trusteed plan the funds of which are separate from the general assets of the Company.

11.    Defendant Robert P. Savage (hereinafter "Savage") is an individual and is or was an officer, agent or manager of the Company at the Company's Seaford, Delaware, Plant at or during the time pertinant to Skinner's disability determination.

12.    Defendant Steven Kimpton (hereinafter "Kimpton") is an individual and an officer, agent or manager of the Company at the Company's Seaford, Delaware, Plant.

13.    Defendant Wayne P. Wilke (hereinafter "Wilke") is an individual and an officer, agent or manager of the Company at the Company's Seaford, Delaware, Plant.

<u>COMMON FACTS</u>

14.    Skinner is a former employee of the Company and at all times during his employment maintained the status of a full-time employee with the Company.  His service with the Company began July 26, 1973 and was terminated March 13, 1989, a total of 15 years, 7 months.

15.    The Company, as employer of Skinner, provided to him as a full-time employee as part of his compensation package, various employee benefits in addition to his salary, including the benefits sought in this complaint.

16.    The Company, during its employment of Skinner, was the sponsor of, and presently is the sponsor of and does maintain the Pension Plan, MEDCAP, DAP, Noncontributory Plan, Contributory

Plan, the T & P Plan, the SIP, and TRASOP, and was and is a fiduciary of each of these plans during Skinner's employment.

17.  Skinner, as a full-time employee with in excess of fifteen years service with the Company, is a Participant in the Pension Plan  and entitled to benefits as established by the terms of the plan document.  The status of Skinner as to the other Defendant plans and benefits thereof is determined by, and is affected by, his status as Participant in the Pension Plan.

18.  On September 13, 1988, Skinner, while working at his job as a tow cut operator, suffered an on-the-job injury to his back at his workstation midway through his shift at the Seaford Plant.  As a result of this injury, Skinner was unable to continue his work activity and was removed from the work area to the medical assistance office of the plant where he was prevented from leaving for three hours.  At the end of his shift he was assisted by plant medical personnel in his leaving the Plant site.

19.  As a result of this injury and extended treatment required for the injury, Skinner was thus disabled and unable to physically return to his workstation at the Seaford Plant on a permanent, full-time basis.  During the period from September 13, 1988, to March 10, 1989, Skinner underwent conservative, non-invasive back therapy under the supervision of Dr. R. P. DuShuttle.  On or about March 3, 1989, he entered Kent General Hospital, Dover, Delaware, to be prepared for the planned surgical removal of spinal disks in his back, which operation was

5

**A16**

scheduled for March 10, 1989.

20. While in his hospital room on March 9, 1989, and prior to spinal disk surgery on March 10, 1989, Skinner was notified by phone by Defendant Steven Kimpton that if Skinner did not report to his Seaford Plant site workstation by Monday, March 13, 1989, his employment would be terminated. Skinner was prevented by his back condition as a result of the March 10, 1989, operation from reporting for work the following Monday, March 13, 1989, and in fact did not so report for work as required by Kimpton. As of March 13, 1989, Skinner's employment was terminated.

21. During February, 1989, Skinner was advised by his site benefits administrator Robert P. Savage to make application to the Pension Plan for a pension under the Incapability provisions of the Pension Plan. This application was submitted through the office of the Seaford Plant site benefits administrator.

22. On March 15, 1989, while Skinner was at home recuperating from back surgery, he phoned Savage at the Seaford Plant to express concern that he had been terminated as an employee, and Savage advised Skinner that "he (Skinner) will never come back to work here again."

23. Skinner's application for an Incapability pension was rejected on March 21, 1989, by the Board of Benefits and Pensions, Case Determination Committee, operating as an administrative committee of the Plan Administrator of the Pension

6

A17

Plan.

24.  On April 19, 1989, Skinner advised the Board of
Benefits and Pensions that he wished to appeal the denial of his
application for Incapability status.  This appeal was denied on
June 19, 1989.

25.  On or about April 1, 1989, Skinner filed a claim
for Workmens Compensation based on his disability arising from
the back injury suffered on September 13, 1988.  This claim was
resolved in Skinner's favor during March, 1990, by settlement
prior to the hearing before the Industrial Accident Board and
Skinner received and continues to receive payments from this
determination which cover the period from termination of his
employment on March 13, 1989, to present date.

26.  On May 4, 1989, Skinner filed a claim with the
Social Security Administration to secure disability benefits.
This claim was denied on July 13, 1989.  On August 14, 1989,
Skinner filed a request for reconsideration of this denial of
disability status and on November 7, 1990 a hearing was held to
review the request.  On February 14, 1991, this appeal of denial
of disability resulted in a favorable decision by the Social
Security Administration dated February 14, 1991, awarding Skinner
disability status which continues to present date.


## COUNT I - PENSION BENEFITS UNDER ERISA

### SKINNER v. PENSION PLAN

7

A18

27. The allegations in Paragraphs 1. through 26. are incorporated by reference as if fully restated.

28. Section IV. of the Pension Plan (PENSIONS FOR RETIRED EMPLOYEES), at Section IV. C. (Incapability Retirement) provides that an employee may be retired by the Company if he is found to be permanently incapable of performing the duties of his position with the degree of efficiency required by the Company, and he has at least 15 years of service.

29. Skinner meets the requirements of Section IV.C. and is entitled to the status of pensioner under the Pension Plan with its attendant benefit entitlements from the Pension Plan and related pension and welfare benefit plans of the Company.

30. Skinner is a Participant of the Pension Plan and states that the factual basis exists for his Incapability status under the provisions of the Pension Plan.

31. Skinner invokes this Court's jurisdiction under 29 U.S.C. Sec. 1132 (a)(1)(B) (Employee Retirement Income Security Act, Sec. 502 (a)(1)(B)) to recover benefits due him, to enforce his rights under the Pension Plan and other related Defendant Plans of the Company, and to clarify his rights to future benefits.

32. The Pension Plan as operated by its Plan Administrator (Board of Benefits and Pensions) has arbitrarily and capriciously denied Skinner his status of pensioner by failing to find that he is permanently incapable of performing

8

A19

the duties of his position with a degree of efficiency under any reasonable standard of efficiency which would be required by the Company of an employee performing the duties Skinner had prior to his injury, in violation of the terms of the Pension Plan and the Employee Retirement Income Security Act ("ERISA").

33.  Skinner has exhausted the required administrative remedies of the Pension Plan and otherwise met the requirements of 29 U.S.C. Sec. 1133 (ERISA Sec. 503).

34.  The Pension Plan document does not grant the authority to the Plan Administrator to make discretionary determinations as to eligibility for benefits and to construe the provisions of the Pension Plan.

35.  In the alternative, if the Pension Plan is found to have provided discretionary authority to determine eligibility for benefits in Skinner's case and to construe the provisions of the Pension Plan, the Plan Administrator abused its discretion in not finding that Skinner was permanently incapable of performimg the duties of his position under any reasonable standard for a degree of efficiency that the Company would require for the job of tow cut operator.

36.  The Plan Administrator, through the Board of Benefits and Pensions, as controlled by the Company, has exhibited bad faith and a conflict of interest in denying Skinner's entitlement to benefits from the Pension Plan.

37.  The Company through its agents, officers and managers at the Seaford Plant has exhibited bad faith and a

**A20**

conflict of interest toward Skinner in terminating his employment as a retaliation for Skinner being injured and applying for benefits of the Pension Plan under its Incapability provision.

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against Defendant Pension Plan and the Plan Administrator to declare that Danny M. Skinner has met the Incapability provisions of the Pension Plan and is entitled to retirement benefits from the Pension Plan under the provisions of the Pension Plan;

(b) Against Defendant Pension Plan and the Plan Administrator for benefits due Plaintiff as required under plan terms in his status as a pensioner from the date of separation from service, together with prejudgment interest and postjudgment interest on such benefits as are found due and owing from the due date for payment until the date of actual payment, and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any judgment, and

(c) For such other or further relief, legal or equitable, as may be just, necessary and appropriate

## COUNT II - HEALTHCARE BENEFITS UNDER ERISA

### SKINNER v. COMPANY AND MEDCAP

38.  The allegations in Paragraphs 1. through 37. are

10

A21

incorporated by reference as if fully restated.

39.  MEDCAP provides for continuing health benefits under its plan terms to former employees of the Company who have retired under the provisions of the Pension Plan.

40.  Skinner is a former employee of the Company entitled to retirement benefits of the Pension Plan.

41.  Skinner is eligible for status of Participant in MEDCAP and is entitled to healthcare benefits under the terms of MEDCAP as provided to pension recipients under the Pension Plan.

42.  Skinner was eligible for status of Participant in MEDCAP as of the date his employment was terminated (March 13, 1989) since as of this date he was entitled to be retired from the Pension Plan under its Incapability provision as of this date.

43.  The Company, as Plan Administrator of MEDCAP and the Pension Plan, has arbirarily and capriciously denied Skinner a status of Participant in MEDCAP and caused Skinner to be required to obtain COBRA (continuation of healthcare coverage) from the date of termination of employment at a monthly premium cost to Skinner in order for him to obtain healthcare insurance coverage for him and his family.

44.  The continued denial of status of pension recipient by the Plan Administrator of the Pension Plan and MEDCAP has caused Skinner to be required to obtain healthcare insurance coverage at a monthly premium cost after the expiration of COBRA coverage and which monthly premium cost continues to

11

A22

present date.

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the Company and MEDCAP in favor of Plaintiff for amounts paid by Plaintiff to MEDCAP and the Company for COBRA coverage, together with prejudgment interest and postjudgment interest on such amounts as are found due and owing from the dates such amounts were paid by Plaintiff until the date of actual payment and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment;

(b) Against the Company and MEDCAP in favor of Plaintiff for amounts paid by Plaintiff for healthcare insurance coverage after the expiration of COBRA coverage as reimbursement to Plaintiff for such monthly premium costs of insurance coverage, together with prejudgment interest and postjudgment interest on such amounts as are determined to be due and owing from the dates such amounts were paid by Plaintiff until the date of actual payment and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment;

(c) Against MEDCAP to declare and establish Plaintiff as a Participant in MEDCAP pursuant to his status as a pension recipient under the Pension Plan, and

(d) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

**A23**

## COUNT III – DENTALCARE BENEFITS UNDER ERISA

### SKINNER v. COMPANY AND DAP

45.  The allegations in Paragraphs 1. through 37. are incorporated by reference as if fully restated.

46.  DAP provides for continuing dental care benefits under its plan terms to former employees of the Company who have retired under the provisions of the Pension Plan.

47.  Skinner is a former employee of the Company entitled to retirement benefits from the Pension Plan.

48.  Skinner is eligible for status of Participant in DAP and is entitled to dental care benefits under the terms of DAP as a Participant as provided to pension recipients under the Pension Plan.

49.  Skinner was eligible for status of Participant in DAP as of the date his employment was terminated (March 13, 1989) on the basis of his Incapability retirement status under the Pension Plan.

50.  The Company, as Plan Administrator of DAP and the Pension Plan, has arbitrarily and capriciously denied Skinner a status of Participant in DAP and caused Skinner to be required to obtain COBRA (continuation of dental care coverage) from the date of termination of employment at a monthly premium cost to Skinner in order for him to obtain dental care insurance coverage for him and his family.

51.  The continued denial of status of pension

13

A24

recipient by the Plan Administrator of the Pension Plan and DAP
has caused Skinner to be required to obtain dental care coverage
at a periodic cost for dental care which cost continues to
present date.

WHEREFORE, Plaintiff, Danny M. Skinner, prays that
Judgment be entered as follows:

(a) Against the Company and DAP in favor of Plaintiff
for amounts paid by Plaintiff for dental care and insurance
coverage costs, together with prejudgment interest and
postjudgment interest on such amounts as are found due and owing
from the dates such amounts were paid by Plaintiff until the date
of actual payment and reasonable attorneys' fees and costs
incurred in this action and in connection with any proceedings to
enforce or collect any such judgment;

(b) Against the Company and DAP in favor of Plaintiff
for amounts paid by Plaintiff for dental care costs after the
expiration of COBRA coverage as reimbursement to Plaintiff for
such dental care costs as he incurred without being covered by
DAP provisions, together with prejudgment interest and
postjudgment interest on such amounts as are determined to be due
and owing from the dates such amounts were paid by Plaintiff
until the date of actual payment and reasonable attorneys' and
costs incurred in this action and in connection with any
proceedings to enforce or collect any such judgment;

(c) Against DAP to declare and establish Plaintiff as a
Participant in DAP pursuant to his status as a retired pension

14

A25

recipient under the Pension Plan, and

       (d) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

<u>COUNT IV - LIFE INSURANCE BENEFITS UNDER ERISA</u>

<u>SKINNER v. COMPANY AND NONCONTRIBUTORY PLAN</u>

<u>SKINNER v. COMPANY AND CONTRIBUTORY PLAN</u>

       52.  The allegations in Paragraphs 1. through 37. are incorporated by reference as if fully restated.

       53.  Noncontributory Plan provides for continuing group term life insurance coverage under its plan terms in the amount of one times the normal annual earnings in effect at the time of separation from service to former employees of the Company who have retired under the provisions of the Pension Plan.

       54.  Contributory Plan provides for continuing group term life insurance coverage under its plan terms in the amount of one, two or three times normal annual earnings, at the option of the insured, determined at time of separation from service to former employees of the Company who have retired under the provisions of the Pension Plan.

       55.  Skinner is a former employee of the Company entitled to retirement benefits of the Pension Plan.

       56.  Skinner is eligible for status of Participant in Noncontributory Plan and Contributory Plan and is entitled to group term life insurance benefits under the terms of both

Noncontributory Plan and Contributory Plan as provided to pension recipients under the Pension Plan.

57.  Skinner was eligible for status of Participant in Noncontributory Plan and Contributory Plan as of the date his employment was terminated (March 13, 1989) on the basis of his entitlement to retirement benefits under the terms of the Incapability provisions of the Pension Plan.

58.  The Company, as Plan Administrator of the Noncontributory Plan and the Contributory Plan and the Pension Plan, has arbitrarily and capriciously denied Skinner a status of Participant in Noncontributory Plan and Contributory Plan and caused Skinner to be denied life insurance coverage from the date of termination of his employment to present date.

59.  The Company, as Plan Administrator of said Plans, has exhibited bad faith and a conflict of interest in denying Skinner status of pensioner under the Pension Plan and his consequent status of Participant in said insurance plans since Skinner is unable, due to his disability from his on-the-job injury, to obtain comparable insurance coverage on his life.

60.  The denial to Skinner of disability status and denial of Incapability retirement under the Pension Plan by the Plan Administrator has denied Skinner a lump sum disability benefit payment under terms of the Noncontributory Plan of $3,000.

61.  Skinner has exhausted the required administrative remedies of the Noncontributory Plan and otherwise met the

16

**A27**

requirements of 29 U.S.C. Sec. 1133 (ERISA Sec. 503).

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the Company and Noncontributory Plan in favor of Plaintiff for $3,000 lump sum disability, together with prejudgment interest and postjudgment interest on said $3,000 from the date such amount is found due and owing under terms of the Noncontributory Plan until the date of actual payment and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment;

(b) Against Noncontributory Plan and Contributory Plan to declare and establish Plaintiff as a Participant in Noncontributory Plan for amounts of group term life insurance coverage as allowed by terms of the Plan (one times normal annual earnings) and to allow Plaintiff to obtain coverage per terms of the Contributory Plan as permitted to Participants retired under the Pension Plan, and

(c) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT V - DISABILITY BENEFITS UNDER ERISA
### SKINNER v. COMPANY AND T & P PLAN

62.   The allegations in Paragraphs 1. through 37. are incorporated by reference as if fully restated.

17

A28

63.   T & P Plan provides for continuing compensation benefits of 60% of a Participant's normal monthly earnings (one-twelfth of annual pay) to former employees whose employment is terminated due to total and permanent disability.

64.   Skinner is a former employee of the Company entitled to Incapability retirement (disability) benefits of the Pension Plan.

65.   Skinner is eligible for status of Participant in the T & P Plan and is entitled to benefits under terms of the T & P Plan.

66.   Skinner was eligible for status of Participant in T & P Plan as of the date of termination of his employment (March 13, 1989) on the basis of his total and permanent disability condition which continues to present date.

67.   The Company, as Plan Administrator of T & P Plan and the Pension Plan, has arbitrarily and capriciously denied Skinner a status of Participant in T & P Plan and caused Skinner to be denied benefits of the T & P Plan and related plans whose benefits are determined by Skinner's status of Participant in the T & P Plan.

68.   The Company, as Plan Administrator of said Plans, has exhibited bad faith and a conflict of interest in denying Skinner status of Participant in the T & P Plan in that Skinner has qualified for Workmens Compensation disability payments and Social Security Disability payments which flow from his on-the-job injury at the Dupont Seaford Plant and such disability

18

A29

benefits under these two programs continue to present date.

69.   Skinner has exhausted the required administrative remedies of the T & P Plan and otherwise met the requirements of 29 U.S.C. 1133 (ERISA Sec. 503).

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the T & P Plan to declare and establish Plaintiff as a Participant in T & P Plan pursuant to his status as a pension recipient under the Pension Plan and his disability status otherwise shown, together with prejudgment and post-judgment interest on such amounts as are found due and owing under the terms of the T & P Plan from the dates such amounts were due to be paid until the date of actual payment and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment, and

(b) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VI - PENSION BENEFITS UNDER ERISA

## SKINNER v. COMPANY AND SIP

70.   The allegations in Paragraphs 1. through 37. are incorporated by reference as if fully restated.

71.   SIP provides for continuing participation as a Participant in SIP for former employees of the Company who have

19

A30

retired under the provisions of the Pension Plan.

72.  Skinner is a former employee of the Company entitled to retirement benefits of the Pension Plan.

73.  Skinner is eligible for status of Participant in SIP and is entitled to such status as of the date his employment was terminated (March 13, 1989).

74.  At Skinner's termination date the Plan Administrator of the SIP denied Skinner the benefit of maintaining his account in the SIP and required that such amounts as existed to his credit in the SIP be paid out, with resulting income tax cost to Skinner on amounts paid out from the SIP.

75.  The Company, as Plan Administrator of SIP and the Pension Plan, has arbitrarily and capriciously denied Skinner a status of Participant in SIP and has thus denied Skinner the opportunity to maintain his account in the SIP as a tax-deferred employee benefit.

76.  Skinner has exhausted the required administrative remedies of the SIP and otherwise met the requirements of 29 U.S.C. 1133 (ERISA Sec. 503).

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the Company and SIP for amounts paid by Plaintiff as income tax payments which were due as a result of the premature payout of tax-deferred SIP benefits, together with prejudgment interest and postjudgment interest on such amounts as are found due and owing from the date such tax payments were paid

20

A31

by Plaintiff until the date of actual payment and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment;

(b) Against the Company and SIP in favor of Plaintiff for such amounts of SIP benefits as may have been forfeited due to the premature termination of Plaintiff"s participation in the SIP, together with SIP earnings thereon as determined according to SIP terms;

(c) Against the Company and SIP in favor of Plaintiff for such amounts of SIP earnings on the balance to the credit of the Plaintiff as of his termination date which would have accrued to his account from the date of his termination to current date had his account not been prematurely paid out; and

(d) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

## COUNT VII - PENSION BENEFITS UNDER ERISA
### SKINNER v. COMPANY AND TRASOP

77. The allegations in Paragraphs 1. through 37. are incorporated by reference as if fully restated.

78. TRASOP provides for continuing participation as a Participant in TRASOP for former employees of the Company who have retired under the provisions of the Pension Plan.

79. Skinner is a former employee of the Company

21

A32

entitled to retirement benefits of the Pension Plan.

80.  Skinner is eligible for status of Participant in TRASOP and is entitled to such status as of the date his employment was terminated (March 13, 1989).

81.  At Skinner's termination date the Plan Administrator of the TRASOP denied Skinner the benefit of maintaining his account in the TRASOP and required that such amounts as existed to his credit in the TRASOP be paid out, with resulting income tax cost to Skinner on such amounts as were paid out from the TRASOP.

82.  The Company, as Plan Administrator of the TRASOP and the Pension Plan, has arbitrarily and capriciously denied Skinner a status of Participant in TRASOP and has thus denied Skinner the opportunity to maintain his account in the TRASOP as a tax-deferred employee benefit.

83.  Skinner has exhausted the required administrative remedies of the TRASOP and otherwise met the requirements of 29 U.S.C. 1133 (ERISA Sec. 503).

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the Company and TRASOP for amounts paid by Plaintiff as income tax payments which were due as a result of the premature payout of tax-deferred TRASOP benefits, together with prejudgment interest and postjudgment interest on such amounts as are found due and owing from the date such tax payments were paid by Plaintiff until the date of actual payment

22

**A33**

and reasonable attorneys' fees and costs incurred in this action and in connection with any proceedings to enforce or collect any such judgment;

(b) Against the Company and TRASOP in favor of Plaintiff for such amounts of TRASOP earnings on stock which would have accrued to credit of Plaintiff as a Participant in TRASOP and other such benefits accruing to Participants of TRASOP during the time Plaintiff was excluded from participation in TRASOP which would have accrued to Plaintiff due to his entitled participation plus prejudgment interest and postjudgment interest on such amounts from the dates these earnings were payable to participants of the TRASOP to the date of actual payment;

(c) Against the Company and TRASOP in favor of Plaintiff to reinstate the number of shares of Dupont Common stock which were prematurely liquidated and paid to Plaintiff at the time of his termination of employment and to have the said shares re-established in Plaintiff's account in the TRASOP;

(d) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

<u>COUNT VIII - FIDUCIARY BREACH</u>

<u>SKINNER v. COMPANY AND SAVAGE</u>

<u>SKINNER v. COMPANY AND WILKE</u>

<u>SKINNER v. COMPANY AND KIMPTON</u>

84. The allegations in Paragraphs 1. through 83. are

23

A34

incorporated by reference as if fully restated.

85. On September 13, 1988, Skinner contacted Dr. R. P. DuShuttle to obtain medical treatment for his injury. Immediate bedrest was advised and Skinner complied, requiring that he not go to work. During the evening, at approximately 10:30 p.m., Skinner was contacted by phone at his home by his immediate supervisor, Judy Gibbins, who advised Skinner that "they were coming down to pick you up for work." Gibbins also stated that "We are going to carry him up to the tow cut machine, keep him there for one hour, and then take him back home" in order to show that he had a non-work related injury.

86. Skinner declined to agree to this procedure, stating that Dr. DuShuttle advised him to stay off his feet and in bed.

87. During the daylight hours on September 16, 1988, Kimpton, who was Judy Gibbin's supervisor, and Mr. McCool, who was Kimpton's supervisor came to Skinner's home and presented him with a disability waiver form for Skinner to sign stating that he suffered a non-work related injury to his back. Kimpton advised Skinner that if he did not sign the form, Skinner would not get paid any Workmens Compensation.

88. On February 14, 1989, Skinner went to the office of Savage to discuss Skinner's retirement and to submit an application for a pension under the Incapability provision of the Pension Plan. After the form was filled in, Savage advised Skinner as follows: "Now you know that this (application) does

24

**A35**

not mean that you will get your pension.  You could get fired".

89.  Prior to Skinner's injury and during the September/October, 1988, period the Seaford Plant management and employees were anticipating a Safety Award based on the low number of non-work injuries which the Seaford Plant had experienced.  Skinner has reason to believe that the concerted attitude of denial and retaliation was due to the possibility that his injury prevented the Seaford Plant from receiving such an award.

90.  Skinner avers that the above pattern of conduct by plant staff and management was a prohibited conduct taken for the purpose of interfering with the attainment of rights to which Skinner is or may become entitled and for the purpose of retaliating against him for exercising any right to which he is entitled under the provisions of any employee benefit plan, all in violation of 29 U.S.C. Sec. 1140 (ERISA Sec. 510).

91.  Wilke was the plant manager at the time of the above events and did approve the actions and conduct of Savage and Kimpton, and did so both in his supervisory role as plant manager and on behalf of the Company as the senior management official at the Seaford Plant, so as to cause the Company to violate the provisions of 29 U.S.C. Sec. 1140.

92.  The Company, through the acts of its plant manager at Seaford Plant and its subsequent denial of employee plan benefits to Skinner,  violated the fiduciary duty it has toward Skinner as a plan Participant and to the Defendant Plans herein

25

A36

to administer said Plans for the exclusive benefit of the Participants of said Plans.

93.  The Company exhibited bad faith and a conflict of interest through its agents and managers in denying Skinner the benefits of Defendant Plans herein.

WHEREFORE, Plaintiff, Danny M. Skinner, prays that Judgment be entered as follows:

(a) Against the Company and Savage and Kimpton and Wilke, jointly and severally, in favor of Plaintiff for damages, both compensatory and punitive, as are found due and owing due to fiduciary breach and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment;

(b) Against the Company and Savage and Kimpton and Wilke, jointly and severally, in favor of Plaintiff for damages, both compensatory and punitive, as are found due and owing due to violations of 29 U.S.C. Sec. 1140 (ERISA Sec. 510) and reasonable attorneys' fees and costs incurred in this action or the collection or enforcement of any judgment;

(c) For such other or further relief, legal or equitable, as may be just, necessary or appropriate.

JOHN M. STULL
1300 NORTH MARKET STREET,
SUITE 603
P. O. BOX 130
WILMINGTON, DELAWARE 19899
Ph. 302) 984-0800
Attorney for Plaintiff

DATE: Feb. 21, 1992

26

A37

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

| | |
|---|---|
| DANNY M. SKINNER, | ) |
| PLAINTIFF, | ) |
| | ) |
| | ) |
| v. | ) C.A. No. |
| | ) |
| | ) NON-ARBITRATION CASE |
| | ) |
| E. I. DU PONT DE NEMOURS & COMPANY, | ) |
| a Delaware corporation; E. I. DU PONT | ) |
| DE NEMOURS & COMPANY, Plan Administrator;) |
| PENSION AND RETIREMENT PLAN; | ) |
| HOSPITAL & MEDICAL-SURGICAL PLAN; | ) |
| DENTAL ASSISTANCE PLAN; NONCONTRIBUTORY | ) |
| GROUP LIFE INSURANCE PLAN; CONTRIBUTORY | ) |
| GROUP LIFE INSURANCE PLAN; TOTAL AND | ) |
| PERMANENT DISABILITY INCOME PLAN; SAVINGS) |
| AND INVESTMENT PLAN; TAX REFORM ACT STOCK) |
| OWNERSHIP PLAN; ROBERT P. SAVAGE, an | ) |
| individual; STEVEN KIMPTON, an individual) |
| and WAYNE P. WILKE, an individual, | ) |
| | ) |
| DEFENDANTS. | ) |

<u>CERTIFICATION OF VALUE</u>

JOHN M. STULL, attorney for Plaintiff, hereby certifies in good faith that in his opinion the sum of damages of the Plaintiff is in excess of $50,000, exclusive of costs and interest.

John M. Stull
1300 North Market Street
Suite 603
P. O. Box 130
Wilmington, DE 19899-0130
(302) 984-0800
Attorney for Plaintiff

Dated: Feb. 21, 1992

**A38**

## CERTIFICATE OF SERVICE

I, Sarah E. DiLuzio, hereby certify that on April 30, 2008, I electronically filed a true and correct copy of the foregoing **APPENDIX TO DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using CM/ECF which will send notification of such filing, which is available for viewing and downloading from CM.ECF.

VIA CM/ECF NOTIFICATION

John M. Stull, Esquire
3 Mill Road
Suite 306A
Wilmington, DE 19806

/s/ Sarah E. DiLuzio
Sarah E. DiLuzio (#4085)
POTTER ANDERSON & CORROON LLP
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000
E-mail: sdiluzio@potteranderson.com

862256v1 / 20120-444