IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DANNY M. SKINNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 07-384-SLR |
| | ) |
| E.I. DU PONT DE NEMOURS AND | ) |
| COMPANY, a Delaware corporation; | ) |
| E.I. DU PONT DE NEMOURS AND | ) |
| COMPANY, Plan Administrator; | ) |
| PENSION AND RETIREMENT PLAN; | ) |
| TOTAL AND PERMANENT DISABILITY | ) |
| INCOME PLAN; and SHORT TERM | ) |
| DISABILITY PLAN, | ) |
| | ) |
| Defendants. | ) |

John M. Stull, Esquire, Wilmington, Delaware. Counsel for Plaintiff.

Kathleen Furey McDonough, Sarah E. DiLuzio, and Michael B. Rush, Potter Anderson & Corroon LLP, Wilmington, Delaware. Counsel for Defendants.

**MEMORANDUM OPINION**

Dated: 7/29/08
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

On June 15, 2007, Danny Skinner ("plaintiff") filed this action against E.I. Du Pont de Nemours and Company, Inc. ("DuPont") and several of its employee benefits programs pursuant to the Employee Retirement Income Security Act ("ERISA") § 502(a)(1)(B) and § 502(a)(3), 29 U.S.C. § 1132. (D.I. 1) Plaintiff claims that he qualified under the incapability provision for both the Pension and Retirement Plan ("Pension Plan") and the Total and Permanent Disability Income Plan ("T&P Plan"). (Id. at 6,10) While DuPont eventually voluntarily deemed plaintiff to qualify for both the Pension Plan and the T&P Plan, plaintiff asserts that DuPont's initial denials of benefits were arbitrary and capricious. (Id. at 7) On this basis, count I and count II of plaintiff's complaint seek prejudgment and postjudgment interest dating back to the date of his termination. Additionally, under count III, plaintiff claims that he was never granted benefits under the Short Term Disability Plan ("STD Plan"). Accordingly, plaintiff is seeking six months salary and benefits, as permitted under the plan, as well as prejudgment and postjudgment interest on those benefits. (Id. at 13-14) Currently before the court is defendants' motion for summary judgment based on the statute of limitations codified in 10 Del. C. § 1811, and on the grounds that no judgment exists upon which to grant prejudgment or postjudgment interest. (D.I. 10) Defendants also move for summary judgment as to count III on the grounds that plaintiff has already received full benefits under the STD Plan. (Id.; D.I. 12 at 15) The court has jurisdiction over the present suit pursuant to 28 U.S.C. § 1331. and 29 U.S.C. § 1132(e)(1). For the reasons set forth below, the court grants defendants' motion.

## II. BACKGROUND[1]

Plaintiff began working for DuPont on July 23, 1973. (See Skinner v. E.I. Dupont de Nemours and Company Inc., No. CIV.A.92-147-SLR, 2001 WL 1414313, at *1 (D.Del. Oct. 29, 2001)). On September 13, 1988, while working at DuPont's Seaford, Delaware plant as a tow cut operator, plaintiff injured his back. (Id.) Under the STD Plan, plaintiff received six months of benefits starting in September of 1988. (Id.) In February of 1989, when plaintiff's back had yet to recover, plaintiff filed for long term Incapability Retirement benefits under the Pension Plan and for benefits under the T&P Plan.[2] In accordance with company policy, plaintiff's application was reviewed by a delegate of the Board, the Case Determination Committee ("CDC"). (Id.) As plaintiff's back did not show signs of improvement, plaintiff underwent surgery in early March of 1989. (Id. at *2) Shortly after plaintiff's surgery, the CDC concluded that, while plaintiff was currently unable to perform his job, there was no reason to believe he was permanently unable to perform the activities required for his job. (Id.) This determination was made on the basis of the opinion of a company doctor and plaintiff's prognosis following his surgery. (Id.) Accordingly, the CDC rejected plaintiff's application. Plaintiff filed an appeal to the Board and on June 19, 1989, the Board

---

[1] Plaintiff has not complied with this courts scheduling order (D.I. 9) or D. Del. LR 7.1.2(a)(2) and is yet to file a reply to defendants' motion or request an extension.

[2] An employee was eligible for Incapability Retirement benefits if Dupont's Board of Benefits and Pensions (the "Board") "finds that [the employee] has become, for any reason, permanently incapable of performing the duties of his position with the degree of efficiency required by the Company, and he has at least 15 years of service." (D.I. 12 at 4) An employee is eligible for the T&P Plan if "his service is terminated because of total and permanent disability" and the employee was "permanently incapable of working at any gainful employment at the time of his termination." (Id.)

2

denied plaintiff's appeal, affirming the rationale given by the CDC. (Id. at *3) Plaintiff's condition did not improve to the point that he was able to return to work. On February 21, 1992, plaintiff filed his first lawsuit against DuPont and various employee benefit plans, seeking benefits and claiming violations of ERISA. (Id. at *1)

During the course of plaintiff's first lawsuit, the court in 1994 and again in 1998 remanded plaintiff's application back to the Board for reconsideration. (Id. at *3, *4) Both times the Board denied benefits to plaintiff. (Id.) On September 20, 2000, a bench trial was held to resolve the case. Ultimately, while this court found that the Board's denial of benefits "was without reason or unsupported by substantial evidence," the court entered a judgment in favor of DuPont because plaintiff had filed that action after the statute of limitations had expired.[3] (Id. at *6)

Following the judgment in favor of defendants, the Board voluntarily reconsidered its decision and granted plaintiff benefits under both the Pension Plan and the T&P Plan dating back to March 1989 and April 1989 respectively. (D.I. 12 at 5-6) Plaintiff was sent a letter dated December 31, 2001, notifying him that he would be receiving Incapability Retirement benefits under the Pension Plan. (D.I. 13 at A1-A2) Dupont mailed plaintiff a check on or about January 30, 2002, for the back Pension Plan benefits, and plaintiff began receiving monthly Pension Plan payments in February

---

[3]The court found that the one-year statute of limitations proscribed by 10 Del. C § 8111 was the most applicable state statute of limitations for plaintiff's ERISA § 502(a)(1)(B) claims. As the Board had issued its original denial on June 19, 1989, plaintiff's filing of the lawsuit some two years and eight months later, on February 21, 1992, exceeded the one-year statute of limitations. (See Skinner v. E.I. Dupont de Nemours and Company Inc., No. CIV.A.92-147-SLR, 2001 WL 1414313, at *6 (D.Del. Oct. 29, 2001)).

2002. (Id. at A3) In April 2002, plaintiff was sent a letter informing him that he would be receiving benefits under the T&P Plan. (Id. at A4-A7) The T&P Plan issued plaintiff a check for the back benefits on May, 10, 2002.[4] (Id. at A10) Starting in May 2002, plaintiff began receiving monthly benefits under the T&P Plan. (Id. at A9; D.I. 12 at 6)

## III. STANDARD OF REVIEW

A court shall grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving that no genuine issue of material fact exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 n.10 (1986). "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct." Horowitz v. Fed. Kemper Life Assurance Co., 57 F.3d 300, 302 n.1 (3d Cir. 1995) (internal citations omitted). If the moving party has demonstrated an absence of material fact, the nonmoving party then "must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e)). The court will "view the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion." Pa. Coal Ass'n v. Babbitt, 63 F.3d 231, 236 (3d Cir. 1995). The mere existence of some evidence in support of the nonmoving party, however, will not

---

[4]Along with the check, plaintiff received a letter outlining the full calculations of benefits dating back to April of 1989. (D.I. 13 at A8-A9)

be sufficient for denial of a motion for summary judgment; there must be enough evidence to enable a jury reasonably to find for the nonmoving party on that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

## IV. DISCUSSION

### A. Statute of Limitations

The issue in this case concerns the statute of limitations that is applicable to all three counts of plaintiff's claim for interest and benefits under ERISA § 502(a)(1)(B) and § 502(a)(3). The ERISA statute does not provide for a statute of limitations for suits brought under either § 502(a)(1)(B) or § 502(a)(3).[5] The general federal statute of limitations as provided in 28 U.S.C. § 1658 does not apply because the prescribed four-year period of limitations only applies to "claims arising under acts of Congress enacted after December 1, 1990."[6] Syed v. Hercules Inc., 214 F.3d 155, 159 n.3 (3d Cir. 2000), cert. denied, 531 U.S. 1148 (2001). In such situations, it is "generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under the law." DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151,158 (1983). The Third Circuit has found that state statutes of limitations

---

[5]The only statute of limitations provided within ERISA is a three-year statute of limitations on claims based on breach of fiduciary duty. 29 U.S.C. § 1113. Plaintiff makes no such claim. Even if such a claim were asserted, the ultimate disposition regarding the statute of limitations would remain the same.

[6]ERISA was enacted in 1974. See 29 U.S.C. §1132.

governing contract actions are most analogous to ERISA claims. Syed, 214 F.3d at 159. Delaware, however, has two statutes of limitations that concern contract claims. See 10 Del. C. § 8106[7]; 10 Del. C. § 8111.[8] The Third Circuit has found that 10 Del. C. § 8111 is most analogous because it applies to claims by employees for wages and benefits[9].[10] Id. at 159-60.

Applying the statute of limitations proscribed by 10 Del. C. § 8111 to the case at bar, plaintiff would have had one year to file this action from the time the cause of action arose. Dupont notified plaintiff in December 2001 that he would be receiving Pension Plan benefits. In April 2002, plaintiff was notified by Dupont that he would be receiving T&P Plan benefits. By May of 2002, plaintiff had received checks for all back benefits along with a detailed calculation of back benefits. The one-year statute of limitations period began to run on the date plaintiff received the check for back benefits with the detailed calculations. At that point, the cause on which plaintiff's action is based had accrued. As such, plaintiff would have had until May 2003 to file this action. Instead, plaintiff failed to file this action until June 2007, more than five years after

---

[7]Establishes a three-year statute of limitations for general contract actions and actions based on a promise.

[8]Establishes a one-year statute of limitations for employment disputes including claims based on wages, salary, labor or personal services performed, or for damages, or for interest or penalties resulting from the failure to pay any such claim, as well as any benefits that arise from such work, labor, or personal services performed.

[9]Under 19 Del. C. § 1109 (b), the term benefit is defined as "compensation for employment other than wages, including, but not limited to, reimbursement for expenses, health, **welfare or retirement benefits**...." (Emphasis added)

[10]Even if the three-year statute of limitations provided for in 10 Del. C. § 8106 were applied, the disposition of this motion would remain the same.

receiving payment. Therefore, plaintiff's claims are time-barred and must be dismissed.[11]

### B. Count III- STD Plan Benefits

Plaintiff alleges that he was not given benefits under the STD Plan following his injury. During plaintiff's first action, the court found that plaintiff "was given six months of benefits under DuPont's short term disability plan, amounting to continuation of his pay from September 13, 1988 until March 13, 1989, the date of his termination." (See Skinner v. E.I. Dupont de Nemours and Company Inc., No. CIV.A.92-147-SLR, 2001 WL 1414313, at *1 (D.Del. Oct. 29, 2001)). Under the STD Plan, an employee is entitled to no more than six months of benefits if he is injured and unable to work. Therefore, plaintiff has already received the maximum amount of benefits available under the STD Plan and is not entitled to further benefits or interest. Accordingly, count III of plaintiff's claim is dismissed.

## V. CONCLUSION

For the reasons stated above, defendants' motion for summary judgment (D.I. 10) is granted. An appropriate order shall issue.

---

[11]Defendants also argue that plaintiff is not entitled to prejudgment or postjudgment interest because no judgment was ever entered in favor of plaintiff. This court concurs, as the only judgment entered was one denying plaintiff benefits on statute of limitations grounds. (See Skinner v. E.I. Dupont de Nemours and Company Inc., No. CIV.A.92-147-SLR, 2001 WL 1414313, at *6 (D.Del. Oct. 29, 2001)). Given that plaintiff only received benefits as a result of a voluntary decision by DuPont's Board and following a judgment against plaintiff, there is no basis to award plaintiff prejudgment or postjudgment interest.