## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DANNY M. SKINNER, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. 07-384 SLR |
| | ) | |
| v. | ) | |
| | ) | |
| E.I. DU PONT DE NEMOURS AND COMPANY, | ) | |
| a Delaware corporation; E.I. DU PONT DE | ) | |
| NEMOURS AND COMPANY, Plan Administrator; | ) | |
| PENSION AND RETIREMENT PLAN; TOTAL | ) | |
| AND PERMANENT DISABILITY INCOME | ) | |
| PLAN; and SHORT TERM DISABILITY PLAN, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' OPENING BRIEF
## IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES

POTTER ANDERSON & CORROON LLP
Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Michael B. Rush (#5061)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
kmcdonough@potteranderson.com - Email
sdiluzio@potteranderson.com - Email
mrush@potteranderson.com - Email

*Attorneys for Defendants*

Dated: August 28, 2008
878307v3/20120-444

## TABLE OF CONTENTS

**Pages**

TABLE OF AUTHORITIES ................................................................................... ii

NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

ARGUMENT ...................................................................................................... 3

    I.  Legal Standards ........................................................................................ 3

    II.  Defendants Are Entitled To Attorneys' Fees And Costs Pursuant to
        29 U.S.C. § 1927 .................................................................................... 4

    III. Defendants Are Entitled To Attorneys' Fees And Costs Pursuant to
        29 U.S.C. § 1132 (g)(1) .......................................................................... 8

CONCLUSION .................................................................................................. 11

## TABLE OF AUTHORITIES

CASES                                                                    PAGES

*Boykin v. Bloomsburg Univ. of Penn.*,
    905 F.Supp. 1335 (M.D. Pa. 1995) ...........................................................................4

*Ford v. Temple Hosp.*,
    790 F.2d 342 (3d Cir. 1986)...........................................................................3, 6

*In re Prudential Ins. Co. America Sakes Practice Litig. Agent Actions*,
    278 F.3d 175 (3d Cir. 2002).............................................................................3

*Loftus v. Southeastern Penn. Transportation Authority*,
    8 F.Supp.2d 458 (E.D. Pa. 1998) ...................................................................3, 5

*Loving v. Pirelli Cable Corp.*,
    11 F.Supp.2d 480 (D. Del. 1998) ............................................................. 4, 8-10

*Skinner v. E.I. DuPont de Nemours and Company, Inc.*,
    2001 WL 1414313 (D. Del. Oct. 29, 2001) ("*Skinner I*") ............................... *passim*

*Skretvedt v. E. I. du Pont de Nemours and Company, Inc.*,
    260 Fed. Appx. 531 (3d Cir. 2008)...................................................................7

*Syed v. Hercules*,
    214 F.3d 155 (3d Cir. 2000)............................................................................8


STATUTES

10 *Del. C.* § 8111 .................................................................................................8

28 U.S.C. § 1927 ............................................................................................ *passim*

29 U.S.C. § 1132 (g)(1) ...................................................................................1, 4, 8

29 U.S.C. § 1145 ..................................................................................................4

Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq.
    ("ERISA")................................................................................................ *passim*

Defendants E. I. du Pont de Nemours and Company, E. I. du Pont de Nemours and Company, Plan Administrator; Pension And Retirement Plan; Total And Permanent Disability Income Plan; and Short Term Disability Plan (collectively "DuPont" or "Defendants") submit this Memorandum in support of their Motion for Attorneys' Fees. Plaintiff, through his counsel, John M. Stull ("Stull"), filed and prosecuted the instant action despite knowing that the claims asserted were meritless and barred by the applicable statute of limitations. As a result, Defendants request that both Plaintiff and his attorney be required to pay Defendants' attorneys' fees and costs incurred in defending this action pursuant to 28 U.S.C. § 1927 and 29 U.S.C. § 1132 (g)(1).

## NATURE AND STAGE OF THE PROCEEDINGS

The underlying action in this case arose out of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA"), and was brought by Plaintiff Danny M. Skinner ("Skinner" or "Plaintiff") against his former employer, Defendant E.I. du Pont de Nemours and Company, as well as the plan administrators of various employee benefit plans (collectively "DuPont" or "Defendants"). Plaintiff was employed at Defendant's plant in Seaford, Delaware from June 1973 until his employment was terminated on March 14, 1989. Following his termination, Plaintiff sought benefits under DuPont's Pension and Retirement Plan ("Pension Plan") and Total and Permanent Disability Income Plan ("T&P Plan") (the benefits at issue under the Pension Plan and the T&P Plan are referred to as, respectively, "Incapability Pension" and "T&P Benefits"). When DuPont denied Plaintiff's eligibility for benefits under either plan, Plaintiff filed suit in this Court. *See Skinner v. E.I. DuPont de Nemours and Company, Inc.*, 2001 WL 1414313, *1 (D. Del. Oct. 29, 2001) (hereinafter "*Skinner I*"). Following trial, the Court granted judgment in favor of DuPont, finding that Plaintiff's claims for

an Incapability Pension and T&P Benefits were time-barred. *Id.* Nonetheless, in light of certain factual findings made by the Court, in December 2001, DuPont's Board of Benefits and Pensions reconsidered its original decision and voluntarily awarded Plaintiff an Incapability Pension, retroactive to the day following his separation from employment in March 1989. Plaintiff was awarded T&P Benefits, retroactive to his termination date, shortly thereafter.

Plaintiff filed the instant complaint **over five years later** (and eighteen years after his termination from DuPont), on June 15, 2007, claiming that he is entitled to prejudgment and post-judgment interest on the Incapability Pension and T&P Benefits, which DuPont **voluntarily** awarded him. (D.I. 1)  Plaintiff's complaint also sought benefits under DuPont's Short Term Disability Plan. (D.I. 1)

DuPont filed a timely answer to the complaint, denying that Plaintiff was entitled to interest, prejudgment, post-judgment or otherwise, on any of his benefits, and denying that Plaintiff was entitled to any further benefits under the Short Term Disability Plan ("STD Plan"). (D.I. 3)  Additionally, DuPont raised several affirmative defenses including, most notably, that Plaintiff's claims were barred by the applicable statute of limitations. (D.I. 3)  Neither party initiated any discovery in this matter, largely because the pertinent facts were established in the earlier action. Consistent with the scheduling order in this case, DuPont submitted its Motion for Summary Judgment and accompanying brief on April 30, 2008. (D.I. 10, 12)  Plaintiff never filed a response to Defendants' motion, nor did he request an extension. (D.I. 16 at p. 2 n.1)

This Court issued its Memorandum Opinion and Order on July 30, 2008, granting Defendants' Motion for Summary Judgment. (D.I. 16-18)  The Court held that, once again, Plaintiff's claims were time barred because they fall outside the one year statute of limitation. (D.I. 16 at p. 5-7)  The Court also dismissed Plaintiff's claim for benefits under the STD Plan,

finding that Plaintiff had already received the maximum amount of benefits available under the STD Plan. (D.I. 16 at p. 7). In its accompanying order, the Court allowed Defendants until August 29, 2008 to file a motion for costs and attorneys' fees. (D.I. 17) Defendants filed their motion for costs and attorneys' fees on August 28, 2008. This is Defendants' opening brief in support of that motion.

## ARGUMENT

## I.   LEGAL STANDARDS

Generally, the Federal Courts adhere to the American rule, which requires litigants to bear their own costs of action in the absence of an agreement or statutory authorization to the contrary. *See Ford v. Temple Hosp.*, 790 F.2d 342, 346 (3d Cir. 1986). One such statutory authorization is 28 U.S.C. § 1927, which states that:

> [a]ny attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. It is appropriate for a Court to assess sanctions upon an attorney under Section 1927 "where an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *In re Prudential Ins. Co. America Sakes Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). A court can find the presence of bad faith where there are indications that "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id.* Furthermore, bad faith can be implied where "a claim is advocated despite the fact that it is patently frivolous or where a litigant continues to pursue a claim in the face of an irrebuttable defense." *Loftus v. Southeastern Penn. Transportation Authority*, 8 F.Supp.2d 458, 461 (E.D.

3

Pa. 1998). Finally, and of great significance in this case, bad faith is present and sanctions are appropriate under Section 1927 "where a party continues to pursue claims after having been formally or informally notified that these claims were barred by the statute of limitations." *Boykin v. Bloomsburg Univ. of Penn.*, 905 F.Supp. 1335, 1346 (M.D. Pa. 1995).

A second basis for fee shifting between litigants is found in ERISA, under which the underlying action was brought. Section 1132 (g)(1) states:

> In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.[1]

29 U.S.C. § 1132 (g)(1).[2] An award under this section can be assessed against either a party or their attorney, and can be assessed against either the plaintiff or defendant. *See Loving v. Pirelli Cable Corp.*, 11 F.Supp.2d 480, 495 (D. Del. 1998). In considering whether to award attorneys' fees under this section, the Third Circuit has set forth five factors that a district court should consider: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position." *Id.* at 496. The Court is required to set forth with specificity its reasoning and conclusion for each of the five factors. *Id.*

## II.   DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS PURSUANT TO 29 U.S.C. § 1927

Of the four factors that must be present for a court to award costs and fees under Section 1927, two of these factors are readily apparent. By filing the instant action, Plaintiff: (1)

---

[1] Paragraph 2, referred to in the statute, addresses actions brought under 29 U.S.C. § 1145, and is not applicable in this case.

[2] A claim for attorneys' fees under § 1132 (g)(1) is also often referred to as a § 502 (g) claim.

4

multiplied the proceedings; and by doing so, (2) naturally increased the cost of the proceedings
for the Defendants and for this Court. While filing the instant lawsuit would not implicate
Section 1927, Plaintiff also acted in an unreasonable and vexatious manner and acted in bad faith
in his filing of the suit. The combination of the presence of these four factors warrants the
awarding of attorneys' fees to Defendants and against Plaintiff's counsel.

In the underlying Complaint, Plaintiff brought three counts. Counts I and II sought
prejudgment and post-judgment interest dating back to the date of his termination in 1989.
Count III sought benefits under the STD plan. All three of these counts were frivolous for
several reasons.

First, all three counts were barred by the applicable one-year statute of limitations.
Plaintiff plainly knew what the applicable statute of limitations is. His initial suit for benefits
was dismissed in 2001 because it was filed after the statute of limitations had expired. Plaintiff's
counsel knew, or should have known, that his claims in this action are time barred, having
represented Plaintiff in the initial lawsuit as well as the instant action. *See Skinner I*, 2001 WL
1414313. Despite his actual knowledge of the state of law, Plaintiff filed the instant lawsuit
asserting claims arising under the same statute, ERISA, and covered by the same statute of
limitations. Indeed, Plaintiff waited more than <u>five years</u> from the date DuPont voluntarily
awarded him Incapability and T&P benefits to file this suit, which was obviously well outside
the one year limitations period. Plaintiff did not even have to perform legal research to realize
that his claims were barred by the statute of limitations. All that was required was for him, or,
more precisely, his counsel, to look back at the procedural history of his own case. By pursuing
this clearly untimely claim with full knowledge that there was an irrebuttable defense, Plaintiff
acted unreasonably and in bad faith. *See Loftus*, 8 F.Supp.2d at 461. The fact that Plaintiff did

5

not even defend his complaint when confronted with Defendants' motion for summary judgment is further evidence of his lack of support for the initial complaint.

The Third Circuit has distinguished the act of bringing a frivolous suit and maintaining such a suit. *See Ford v. Temple Hospital*, 790 F.2d 342, 348-51 (3d Cir. 1986). In *Ford*, the court upheld the district court's finding of bad faith where the plaintiff continued to pursue the litigation even after defendants filed a motion for summary judgment asserting that the claims were barred by the statute of limitations. *Id.* Although the *Ford* court held that the district court erred in ruling that the initiation of a complaint barred by the statute of limitations was in bad faith and frivolous, it noted that there were unique circumstances present. *Id.* at 349. Namely, the court reasoned that plaintiff's attorney had no way of knowing whether his opponent would raise the affirmative defense and, under the circumstances, it was fair for him to assume that they might waive the statute of limitations. *Id.* Once on notice that defendants intended to rely upon the statute of limitations defense, however, the *Ford* plaintiff should have withdrawn his claims.

Unlike the *Ford* case, here there is a history of litigation between the two parties, and the counsel whose bad faith is in question. The circumstances in this case, therefore, justify a finding of bad faith in connection with Plaintiff's filing of the complaint, as well as his refusal to dismiss those claims when faced with a motion for summary judgment. Indeed, Mr. Stull would be hard-pressed to argue that he filed this action because he was unsure whether Defendants would raise the affirmative defense that the claims were barred by the statute of limitations.

Second, Plaintiff's bad faith is evidenced by the fact he failed to articulate any facts supporting his claims for prejudgment and post-judgment interest. Even if his claims were not barred by the statute of limitations, Plaintiff would not be entitled to such interest because there was no underlying judgment to collect interest on. The Court acknowledged this fact in its

6

Opinion. (D.I. 18 at p. 7 n.11) Even Plaintiff implicitly acknowledged in his complaint that there was no underlying judgment, reciting the fact that Defendants voluntarily awarded him benefits. (D.I. 1 at ¶ 22) Minimal legal research should have informed Plaintiff's counsel that an underlying judgment is a prerequisite to collecting any prejudgment or post-judgment interest. In fact, having recently litigated the issue in another matter, Stull is acutely aware of the state of the law with regard to prejudgment interest. *See Skretvedt v. E. I. du Pont de Nemours and Company, Inc.*, 260 Fed. Appx. 531 (3d Cir. 2008). Nonetheless, Plaintiff filed this baseless suit and forced Defendants and this Court to devote time and resources to its disposition.

Third, Plaintiff's bad faith is further evidenced by the inclusion of Count III in the Complaint. Like his claims for prejudgment and post-judgment interest, Plaintiff alleged no facts to support his claim that he is entitled to benefits under the STD Plan. Plaintiff's complaint states simply that he "did not receive such short-term disability benefits as provided under the STD Plan." (D.I. 1 at ¶ 43) This statement is patently false, and Plaintiff and his counsel know that it is false. In *Skinner I*, the Court found as a fact that Plaintiff had received all the benefits available under the STD Plan. *Skinner I,* 2001 WL 1414313, at *1. There can be no question that Plaintiff, and his counsel, knew when the complaint was filed that there was absolutely no factual basis for his claim that he had not received benefits under the STD Plan.

Finally, Plaintiff's bad faith is evidenced by his failure to prosecute this action. As the Court is aware, Plaintiff never filed a response to Defendant's motion for summary judgment, nor did he request an extension. Even after Defendants submitted a letter to the Court in lieu of a reply brief, highlighting the fact that Plaintiff had failed to respond, Plaintiff did nothing. (D.I. 15) If Plaintiff had no intention of diligently pursing with this action, he should have voluntarily dismissed it. Instead, he added to this Court's increasingly burdened docket and forced the Court

to expend its limited time and resources drafting an opinion to resolve Defendants' motion for

summary judgment.    Defendants, too, devoted considerable time and resources to defend this

frivolous action.    Both Plaintiff and his counsel should therefore be made to pay Defendants'

costs and attorneys' fees.

**III.    DEFENDANTS ARE ENTITLED TO ATTORNEYS' FEES AND COSTS
PURSUANT TO 29 U.S.C. § 1132 (g)(1)**

As an alternative to awarding attorneys' fees under Section 1927, this Court should award

fees to Defendants, and against Plaintiff and his counsel, under ERISA's fee shifting provision.

As described above, a court should consider the following five factors when deciding whether to

award fees and costs under this statute:  "(1) the offending parties' culpability or bad faith; (2)

the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect

of an award of attorney's fees against the offending parties; (4) the benefit conferred on members

of the pension plan as a whole; and (5) the relative merits of the parties' position." *Loving*, 11

F.Supp. 2d at 496.

*Loving* is a very similar case to the present one as it not only involves ERISA claims

barred by the statute of limitations, but additionally, the attorney whom the court imposed

attorneys' against was John Stull, the same one involved in this dispute.  In *Loving*, Stull brought

an ERISA claim on behalf of his client and the court determined that the claims were brought

after the three-year statute of limitations had expired, and therefore the claims were time barred.[3]

After exhausting his appeals and despite the court's ruling, in 1997, Stull brought a nearly

---

[3] The Third Circuit has since ruled that the one-year statute of limitations embodied in 10 *Del. C.* § 8111
is applicable to suits brought to recover benefits under an ERISA plan. *See Syed v. Hercules*, 214 F.3d
155, 159 (3d Cir. 2000).

identical claim[4] in Delaware Superior Court. *Id.* at 484. Defendants removed the case to the

district court and moved to dismiss on res judicata grounds. *Id.* at 485. Ultimately, after

converting the motion to dismiss into a motion for summary judgment, the court granted the

motion. *Id.* at 499. In addition, the court entertained Defendants' motion for attorneys' fees

under Section 1132. After considering the five factors described above, the court awarded

attorneys' fees to be paid by Stull. As in *Loving*, both this action and *Skinner I* arise out of the

same underlying facts and are subject to the same affirmative defense.

   The first factor to be considered is the "offending parties' culpability or bad faith." *Id.* at

496. This factor does not require a party or his attorney to have an ulterior motive or sinister

purpose, but instead culpability only requires that their conduct be blameworthy and something

more than mere negligence. *Id.* Although Plaintiff will likely claim that he was relying on the

advice of counsel when he chose to file this complaint, at the very least, he had direct knowledge

that he received benefits under the STD Plan twenty years ago, so his assent to Count III is direct

evidence of bad faith. Stull, however, can offer no excuse that would justify his initiation of this

action. As described above, Stull acted in bad faith by filing this claim despite knowing that it

was not supported by either the facts or the law. Even if Stull could distance himself from the

decision in *Skinner I*, minimal legal research would have revealed that the present claims were

time barred. Therefore, the first factor weights in favor of an award of attorneys' fees against

both Plaintiff and his attorney, John Stull.

   The second factor a court must consider is "the ability of the offending parties to satisfy

an award of attorneys' fees." *Id.* at 496. Defendants are not aware of any evidence that would

---

[4] The only difference between the two complaints was that the 1997 complaint included a paragraph detailing the procedural history of the 1994 action, and the 1997 complaint did not include an ERISA claim for denial of information. *Loving*, 11 F.Supp. 2d at 484.

suggest either Stull or Plaintiff could not satisfy such an award. Defendants believe that this factor, as it did in *Loving*, neither weighs in favor or, nor against, an award of fees and costs.

The third factor is "the deterrent effect of an award of attorneys' fees against the offending parties." *Id.* at 496-97. Although Defendants have no reason to believe that Plaintiff will bring additional lawsuits in connection with the administration of his retirement benefits, an award of fees here will certainly deter a repeat of this litigation. Moreover, an award of attorneys' fees against Stull directly should "serve the objectives of ERISA" and deter future, frivolous ERISA claims by this Plaintiff or similarly situated individuals. This factor, also, weighs in favor of an award of attorneys' fees against Plaintiff and Stull.

The fourth factor to be considered is "the benefit conferred on members of the pension plan as a whole." *Id.* at 497. This factor "requires consideration of the benefit, if any, that is conferred on others by the court's judgment." *Id.* As noted above, to the extent that an award of attorneys' fees against John Stull deters future meritless litigation against the DuPont Plans, the Plans will receive the benefit of not having to incur litigation expenses.

The final factor to be considered by the court is "the relative merits of the parties' position." *Id.* at 497. The Court has already concluded that Plaintiff's claims are barred by the statute of limitations and unsupported by the historical facts, and has dismissed the underlying action. (D.I. 18) Because Stull is more culpable than Plaintiff in pursing claims he knew to be precluded by law, this fifth factor also weighs in favor of granting Defendants' motion for attorneys' fees against Stull directly.

Collectively, the five factors weigh heavily in favor of awarding Defendants their costs and attorneys' fees. Additionally, given the circumstances, both Plaintiff and his counsel, John Stull, should be liable for payment of those fees.

**CONCLUSION**

Plaintiff's filing of claims that lacked a sufficient basis in fact and which he knew or should have known were barred by the statute of limitations forced Defendants to expend time and resources in defending a meritless action that Plaintiff himself failed to prosecute. Defendants request that the Court award its attorneys' fees and costs as detailed in the Affidavit of Kathleen Furey McDonough.

POTTER ANDERSON & CORROON LLP

By: _Sarah M. Luzio_

Kathleen Furey McDonough (#2395)
Sarah E. DiLuzio (#4085)
Michael B. Rush (#5061)
1313 North Market Street
Hercules Plaza, 6th Floor
Wilmington, DE 19801
(302) 984-6000 – Telephone
(302) 658-1192 - Facsimile
kmcdonough@potteranderson.com - Email
sdiluzio@potteranderson.com - Email
mrush@potteranderson.com - Email
*Attorneys for Defendants*

Dated: August 28, 2008
878307 / 20120-444

11