IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DANNY M. SKINNER,                          )
                                           )
          Plaintiff,                       )
                                           )
     v.                                    )  Civ. No. 07-384-SLR
                                           )
E.I. DU PONT DE NEMOURS AND                )
COMPANY, et al.,                           )
                                           )
          Defendants.                      )

### MEMORANDUM ORDER

At Wilmington this 25th day of March, 2009, having reviewed defendants' motion for attorney fees;

IT IS ORDERED that said motion (D.I. 19) is granted, for the reasons that follow:

1. **Background.**  Plaintiff was employed by defendant E.I. du Pont de Nemours and Company from 1973 until 1989.  Following the termination of his employment, plaintiff sought benefits under DuPont's Pension and Retirement Plan ("the pension plan") and Total and Permanent Disability Income Plan ("T&P plan").  Du Pont denied plaintiff's eligibility for benefits under either plan; plaintiff filed suit in this court seeking payment.  *See Skinner v. E.I. DuPont de Nemours and Company, Inc.*, 2001 WL 1414313, *1 (D. Del. Oct. 29, 2001).  Following trial, the court granted judgment in favor of DuPont, finding that plaintiff's claims for benefits were time-barred.  *Id.*  Nonetheless, in light of certain factual findings made by the court, DuPont reconsidered its original decision and, in December 2001, voluntarily awarded plaintiff an "Incapability Pension,

retroactive to the day following his separation from employment in March 1989. Plaintiff was also awarded T&P benefits, retroactive to his termination date.

2. Plaintiff filed the above captioned action in June 2007, claiming entitlement to prejudgment and post-judgment interest on the benefits DuPont voluntarily awarded him, and sought as well benefits under DuPont's Short Term Disability Plan. (D.I. 1) DuPont filed an answer and, consistent with the scheduling order entered by the court in this case, filed a motion for summary judgment. Plaintiff never responded to the motion and, on July 30, 2008, the court issued its memorandum opinion and order granting the motion and entering judgment in favor of defendants. The court held that plaintiff's claims were time-barred because they fell outside the one-year statute of limitations. (D.I. 16 at 5-7) Defendants' timely filed a motion seeking costs and attorney fees, to which plaintiff has not responded.

3. **Standard of review.** Although litigants generally bear their own costs of action, when an attorney "multiplies the proceedings in any case unreasonably and vexatiously," he "may be required by the court to satisfy personally the excess costs, expenses and attorney fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Therefore, it is appropriate for a court to assess sanctions upon an attorney under § 1927 "where an attorney has: (1) multiplied proceedings; (2) unreasonably and vexatiously; (3) thereby increasing the cost of the proceedings; (4) with bad faith or with intentional misconduct." *In re Prudential Ins. Co. America Sales Practice Litig. Agent Actions*, 278 F.3d 175, 188 (3d Cir. 2002). Bad faith can be inferred where "a claim is advocated despite the fact that it is patently frivolous or where a litigant continues to

2

pursue a claim in the face of an irrebuttable defense." *Loftus v. Southeaster Penn. Transportation Authority*, 8 F. Supp. 2d 458, 461 (E.D. Pa. 1998). *See also Boykin v. Bloomsburg Univ. Of Penn.,* 905 F. Supp. 1335, 1346 (M.D. Pa. 1995).

4. A second basis for fee shifting between litigants is found in 29 U.S.C. § 1132(g)(1), which provides that, in any ERISA[1] action brought by a participant, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In determining whether an award should be made under this section, the court should consider the following: "(1) the offending parties' culpability or bad faith; (2) the ability of the offending parties to satisfy an award of attorney's fees; (3) the deterrent effect of an award of attorney's fees against the offending parties; (4) the benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' position[s]." *Loving v. Pirelli Cable Corp.*, 11 F. Supp. 2d 480, 496 (D. Del. 1998).

5. **Analysis.** The record at bar demonstrates that plaintiff and his counsel knew, or should have known, that the claims asserted in the above captioned case were frivolous, having no merit whatsoever. Therefore, it can be said that the claims were asserted in bad faith, thereby increasing the costs of the proceedings. The imposition of a sanction should have a deterrent effect, however, it is not apparent that the members of the pension plan would benefit as a whole if a sanction were imposed. It also is not apparent that plaintiff or his counsel have the ability to pay the full amount of

---

[1]The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.*

3

the fees and costs requested by counsel for defendants.[2]  In this regard, the court notes

that the frivolous claims were not pursued past the point of filing the complaint; i.e.,

although defendants were forced to expend resources in filing their motion for summary

judgment, no additional resources were expended in discovery or in defending their

motion.  Therefore, the court concludes that a nominal sanction shall be imposed, that

of $100, plus costs of $97.10.


United States District Judge

---

[2]Defendants request $12,665.97 in attorney fees and $97.10 in costs.

4